# Charles E. Smith's Appeal.

An attachment execution served upon A., as executor of B., will not bind property of the defendant in his hands as executor of C.

January 26th, 1885.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Philadelphia County:* Of July Term, 1884, No. 32.

Appeal of Charles E. Smith from a decree of the Orphans' Court of Philadelphia County, in the matter of the distribution of the trust estate of Elizabeth T. Bunting, deceased.

Before the Auditing Judge, HANNA, P. J., the following facts appeared:  Sarah Clark died in 1869, leaving a will bequeathing and devising a share in her residuary estate to her executors to sell and distribute the proceeds among the children of her sister, Elizabeth A. Bunting, and in trust as to the portion of Elizabeth T. Bunting, one of said children, to pay her the income, and, if necessary, part of the principal, for her use for life, the balance, at her death, to be "divided among her brothers and sisters then living, and the issue of such then deceased, in the same shares as if she had died seised or possessed thereof intestate."

Elizabeth A. Bunting, the sister of the testatrix, died in February, 1878, after making a will, the executors of which were the same as those under the will of Sarah Clark.  On February 25th, 1878, Charles E. Smith issued an attachment sur judgment against Samuel C. Bunting as defendant, and against the executors of Elizabeth A. Bunting as garnishees.  The judgment was afterwards revived by sci. fa.  On June 5th, 1883, the defendant assigned for value all his interest in Sarah Clark's estate to Mary Bunting.  Elizabeth T. Bunting died June 3, 1883, leaving four brothers and sisters, of whom Samuel C. Bunting was one.  The trustees of the trust estate of Elizabeth T. Bunting filed their account, showing a balance in their hands for distribution, of which the one fourth interest of Samuel C. Bunting was claimed by Mary Bunting, his vendee, and by Charles E. Smith under the above attachment.

After stating the above facts, the Auditing. Judge reported as follows:  "The proper garnishee having been summoned, the description of the capacity in which he held or might hold any moneys of the defendant was not material, and could be added in the interrogatories filed or supplied even in the verdict and judgment, which were under the control of the Court. While this Court cannot amend the attachment, yet the Court

of Common Pleas has full authority, and we must consider that as done which ought to be done, particularly where, as here, the garnishee is not harmed, he still having the fund."

He thereupon awarded the one fourth interest of Samuel C. Bunting to Charles E. Smith. Exceptions were filed to this report by Mary Bunting, which, after argument, were sustained, and the said one fourth interest awarded to her. Whereupon the said Charles E. Smith took this appeal, assigning for error the decree of the Court.

*J. Cooke Longstreth*, for appellant.—An attachment need not describe the property to be attached: Layman *v.* Beam, 6 Wharton, 181.

The description of the garnishees was surplusage, and therefore immaterial: Bentley *v.* Kaufman, 3 W. N. C., 352; S. C., 5 Norris, 99; Wright *v.* Herrick, 125 Mass., 154; Sullivan *v.* Langley, 128 Id., 235; Hoyt *v.* Christie, 51 Vermont, 48.

The attachment bound all funds of the defendant in the hands of the garnishees: Rushton *v.* Rowe, 14 Smith, 63.

No subsequent creditor or assignee of the debtor could acquire any better title than the debtor had after the attachmen: Neely *v.* Grantham, 8 Smith, 433.

*Albert S. Letchworth*, for appellee.—The attachment execution cannot be enforced against the garnishee, as executor for another, and an entirely different estate than the one mentioned in the writ, without an amendment. But such an amendment cannot be permitted to prejudice the rights of third persons: Black *v.* Dobson's executrix, 11 S. & R., 96; Zimmerman *v.* Briggans, 5 Watts, 186; Crutcher *v.* Com., 6 Wharton, 350; Smith *v.* Hood, 1 Casey, 218.

The opinion of the Court was filed February 9th, 1885.

PER CURIAM. There is no error in this decree. The right of amendment may be liberally allowed; but not to such an extent as to substantially change the cause of action: Royse *v.* May, 12 Norris, 454. It cannot be allowed so as to relate back to the commencement of the action, and thereby deprive a party of an intermediate vested right acquired by the Statute of Limitations or otherwise: Kille *v.* Ege, 1 Id., 102; Leeds *v.* Norris, 3 Id., 70; Duffey *v.* Houtz, 9 Out., 96. The fund or property now claimed was not attached when the rights of third persons became vested. No amendment could be allowed to divest those rights.

> Decree affirmed and appeal dismissed at the costs of the appellants.