## Edwin O. Taylor, Appellant, *v.* William Huey, Defendant, and R. Haines Passmore, Garnishee.

*Attachment execution—Attachable interest—Mortgage as security for debt.*

Mortgage papers deposited as security for a debt cannot be attached by the judgment creditors of the owner of the mortgage in the hands of the person with whom the papers have been deposited. The mortgage is a mere chose in action, and can only be attached by bringing in the mortgagor as garnishee.

The defendant's debtor, and not the person who holds the evidence of indebtedness, must be the garnishee.

Argued Feb. 13, 1895. Appeal No. 206, Jan. T., 1895, by plaintiff, from order of C. P. Chester Co., June T., 1892, No. 23, discharging rule for judgment on answers of garnishee. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Attachment execution.

The garnishee stated in his answer that he had in his possession the mortgage of Fred Deifenbacker and wife, upon lot of Eden Park addition to the city of Chantee, Neosho county, Kansas, for $300, payable March 19, 1897, given to Lewis M. Bedell, and by him assigned in blank; that in 1886, he purchased from the defendant, William Huey, a farm in Birmingham township, Chester county, which was subject to an annuity charge of $25.00, in favor of Rachel P. Huey, during her life ; that as an indemnity against his having to pay said annuity, the said mortgage was deposited with him by said defendant; that he has paid said annuity from time to time as it became due until the death of the annuitant, September 14, 1892, and that on account of said payments, there remains due and payable to him from the said defendant, the sum of $20.67, as security for the payment of which, he still retains possession of said mortgage.

The court discharged the rule for judgment on answers of garnishee.

*Error assigned* was above order.

*C. Wesley Talbot* for appellant, cited: Act of June 16, 1836, P. L. 762; Rhoads v. Megonigal, 2 Pa. 39; Kieffer v. Ehler, 18 Pa. 388.

*Alfred P. Reid,* for appellee, cited: Rickert v. Madeira, 1 Rawle, 328; Raiguel & Co. v. McConnell, 25 Pa. 362; Gilmore v. Carnahan, 81* Pa. 217.

PER CURIAM, March 5, 1895:

The answer of R. Haines Passmore, the garnishee, contains no admission of attachable assets in his hands, or of money due by him to the defendant William Huey; nor was there any testimony tending to sustain the plaintiff's contention. The Deifenbacher mortgage, which by agreement of the parties was substituted for the Hixson mortgage, and for same purpose was held by the garnishee as indemnity against the annuity. It was a mere chose in action, or security for the debt recited therein, and could only be attached by bringing in the mortgagor as garnishee. The defendant's debtor, and not the person who holds the evidence of indebtedness must be the garnishee: Raiguel & Co. v. McConnell, 25 Pa. 362; Gilmore v. Carnahan, 81* Pa. 217. In the absence of either admission or proof of anything attachable in the hands of the garnishee, the learned court was clearly right in discharging the rule for judgment on the garnishee's answer, and in subsequently refusing to submit the case to the jury. The first and second specifications are therefore dismissed. The third and last specification is not according to rule and therefore not entitled to notice. The record discloses no error in the judgment.

Judgment affirmed.