## Malone *v.* Riedenauer, Appellant.

*Attachment execution—Trial—Question for jury—Evidence.*

On the trial of an attachment execution where it appears that the garnishee has denied in his pleadings possession of any property of the defendant in the judgment, and at the trial the evidence is conflicting as to whether he has or not any property of the defendant in his possession, it is error for the court to instruct the jury to find a verdict for the plaintiff, and to determine merely how much money of the defendant was in the hands of the garnishee at the time the writ went out. In such a case it is for the jury and not for the court to determine whether the garnishee has any money of the defendant, and if he has, how much the amount is.

Argued Jan. 10, 1911.   Appeal, No. 225, Jan. T., 1910, by garnishee, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1908, No. 2,468, on verdict for plaintiff in case of Edwin B. Malone and Charles M. Strickler, trading as Watson Malone & Sons, v. Stewart Contracting Company,

Defendant, and Louis P. Riedenauer, Garnishee. Before
FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and
MOSCHZISKER, JJ. Reversed.

Attachment execution. Before McMICHAEL, P. J.

At the trial it appeared that the Stewart Contracting
Company had a contract with the city of Philadelphia
for work on certain schoolhouses. Louis P. Riedenauer,
garnishee, became surety on certain of these contracts.

The Court charged as follows:

[Gentlemen of the Jury: In the opinion of the court,
there is only one question for you to determine, and that
is, how much money was in the hands of Louis P. Rieden-
auer at the time the attachment went out?] [1]    Counsel
will give you that date, and then you will determine that
question. Riedenauer said here that it was $5,200, and
there is testimony that on other occasions he admitted it
was $6,000. I do not think that is a matter of vital impor-
tance, nor is the matter of interest a matter of vital impor-
tance. I think it is a question of fact for you to determine,
how much was in his hands at the time the attachment
went out.

[This is a somewhat novel question, but, I think, sub-
ject to review hereafter, that your verdict should be a ver-
dict for the plaintiff, and then you should determine how
much money of the defendant, that is, the Stewart Con-
tracting Company, was in the hands of the garnishee
Riedenauer at the time the writ went out.] [2]    The court
hereafter will control its process so that the garnishee, Mr.
Riedenauer, will be protected as surety on the bonds.
That cannot be determined now by you. It must be de-
termined in each case as it arises. The view the court
takes of this matter, rather for review than for you, is
this: That the money which the Stewart Contracting
Company placed in Riedenauer's hands to indemnify him
for the bonds will go for that purpose; that each suit will
have to be determined for itself, and then if there is any

balance remaining in his hands after the determination of those suits, that balance will be applied towards this attachment execution. It is claimed by Mr. Monihan that this is premature, but in the judgment of the court, [if I were to permit a verdict to be taken for defendant, that would deprive the plaintiff here of any opportunity of collecting his debts from Riedenauer, and if Mr. Riedenauer then succeeded in defending against the cases in which he was surety, he would have his money, with no liability to anybody except Stewart;] [3] and then it would go around in a circle. I need not elaborate that any further. The question of fact which you are to determine by your verdict is, how much money was in Riedenauer's hands belonging to the Stewart Contracting Company at the time the attachment went out, which was January, 1909; and then the process of the court will be controlled hereafter.

Verdict for plaintiff for $3,427, and also that there was $6,000 in the hands of the garnishee belonging to the defendant on January 4, 1909. The garnishee appealed.

*Errors assigned* among others were (1–3) above instructions, quoting them.

*James L. Monihan*, with him *William M. Reese*, for appellant, cited: Patten v. Wilson, 34 Pa. 299; Myers v. Baltzell, 37 Pa. 491.

*E. O. Michener*, for appellee, cited: Bridesburg Mfg. Co.'s App., 106 Pa. 275; Roig v. Tim, 103 Pa. 115; De-Zouche v. Garrison, 140 Pa. 430.

OPINION BY MR. JUSTICE MESTREZAT, April 24, 1911:

This was an attachment execution issued on a judgment against the defendant, the Stewart Contracting Company, and Louis P. Riedenauer was summoned as garnishee. To the interrogatories filed by the plaintiff, the garnishee answered that he had no property or effects of the defendant company in his possession. The plaintiff

having entered a rule to plead, the garnishee pleaded nulla bona, set-off, and payment with leave, etc.

On the trial of the cause in the common pleas, the plaintiff put in evidence the judgment against the, defendant and introduced testimony to establish an indebtedness of the garnishee to the judgment debtor. This tended to show that the garnishee had received from $5,000 to $6,000 funds of the defendant at the time of the service of the writ of attachment. The garnishee testified that he was not indebted to the judgment debtor in any sum whatever at the service of the writ or since and offered evidence to show a set-off of nearly $8,000 against the funds of the defendant company which had been received by him. The jury rendered a "verdict for the plaintiff of $3,427; and also that there was $6,000 in the hands of Louis P. Riedenauer belonging to the Stewart Contracting Company on January 4, 1909." Judgment having been entered on the verdict, the garnishee has taken this appeal.

While there are fifteen assignments and most of them should be sustained, we will confine our consideration of the case to the first two which allege error in the charge of the court. The learned trial judge misapprehended the issues raised by the pleadings and the familiar and uniform practice in the trial of such causes established by all our cases. The issuable pleas filed by the garnishee required the plaintiff to prove on the trial the property and effects of the judgment debtor in the hands of the garnishee subject to the attachment. The learned counsel of the plaintiff recognized the burden resting upon his client and attempted to meet it. The garnishee offered evidence in support of his pleas. The issues thus raised and supported by evidence should have been submitted to the jury with proper instructions as to the law applicable to the facts. The learned judge, however, instructed the jury to find a verdict for the plaintiff and to determine how much money of the defendant company was in the hands of the garnishee at the time the writ went out, which he held to be the only question in the case. He did not hold that

the evidence was not sufficient in law to sustain the pleas, but instructed the jury to return a verdict against the garnishee and that "the court hereafter will control its process so that the garnishee will be protected as surety on the bonds; that cannot be determined now by you, it must be determined in each case as it arises." This was manifest error, and, as stated above, disclosed a misapprehension of the issues raised by the pleadings. It was incumbent on the plaintiff to show funds or property of the judgment debtor in the garnishee's hands subject to the attachment. Failing in this, the verdict ought to have been for the garnishee. If there was evidence to go to the jury on the question, which apparently was conceded by the court, the jury should have been permitted then and there to decide it. It was a question of fact raised by the pleadings and the court could not decide it by controlling the process issued on a judgment against the garnishee. If, in the opinion of the court, the evidence was insufficient to support the defense set up by the garnishee, the jury should have been so instructed, and, funds adequate to meet the claim having been shown to be in the garnishee's hands, the verdict would be for the plaintiff and against the garnishee. That would have determined the issues which the jury were sworn to try and would have fixed the garnishee for the debt due the plaintiff by the judgment debtor. This was not a case for an interpleader. The garnishee was not a stakeholder, but denied that the funds of the defendant company which had passed into his hands belonged to the defendant at the date of the service of the writ. That was the issue which should have been determined on the trial and which the court could not determine by controlling the verdict or judgment in the plaintiff's favor against the garnishee.

The first and second assignments of error are sustained, and the judgment is reversed with a venire facias de novo.