# Adkins *v.* Poth et al.

*Attachment execution—Levy—Parties — Trusts and trustees — Names of garnishees—Stock of corporation—Seizing certificate—Check in attorney's hands—Chose in action—Acts of June 16, 1836, P. L. 755, and May 5, 1911, P. L. 125.*

1. If a person, having possession of property in different capacities, is summoned as garnishee in a particular manner, he has notice that property held in that respect alone is bound.

2. Such property solely is the subject-matter of the attachment, and the creditor cannot complain if his right is limited to the property thus specifically designated.

3. Where the garnishees in an attachment execution against stock are named as "individually and as trustees of the estate" of a decedent, the attachment will not bind the stock, if it appears that in fact it was held by the garnishees under a deed of trust, executed by the decedent in his lifetime, and that it was not in any way a part of decedent's estate.

4. If, in another attachment against the same stock, the garnishees are similarly named with the added words "and in any other capacity," the stock will not be bound unless the corporation which issued it is made a party, as provided by the Act of June 16, 1836, sections 22, 36 and 37, P. L. 755.

5. In such case, it cannot be claimed that the attachment was not against the stock, but only against the interest of the beneficiary in the trust, if it appears that the stock was to be turned over to the beneficiary at the end of the trust, and that the beneficiary's interest was not limited to a mere interest in the proceeds of the stock when sold. Moys v. Union Trust Co., 276 Pa. 58, distinguished.

6. The provisions of the Act of May 5, 1911, P. L. 125, does not apply to such a case, as that act applies only to certificates issued after the act became effective.

7. Even if the act applied generally, the attachment would not be effective, unless the certificate was seized by the officer making the levy, or surrendered to the corporation, or its transfer enjoined, as provided by sections 13 and 14 of the act.

8. Where a check was drawn to the executors of the estate of the settlor for dividends on the stock to the beneficiary named in the deed of trust and delivered by her to her attorneys, such check is not attachable in their hands.

9. An attachment must be against the debtor of defendant, and not against one who holds merely a chose in action, the evidence of the debt.

Argued May 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 199 and 207, by Harry T. Stoddart, trustee under deed of trust of Claire M. P. Gulick, and by Julius Garfinkle & Co., from decrees of C. P. No. 2, Phila. Co., March T., 1925, No. 2533, in case of Jesse C. Adkins, Trustee in Bankruptcy of Claire M. P. Gulick, v. Frederick J. Poth and Harry A. Poth, substituted trustees under a certain deed of trust dated April 30, 1904, et al. Affirmed.

Bill in equity to determine validity of certain attachments. Before GORDON, J.

The opinion of the Supreme Court states the facts.

Decree entered declaring attachments invalid. Harry T. Stoddart, trustee, and Julius Garfinkel & Co., attaching creditors, appealed.

*Error assigned* was decree, quoting record.

*Alfred N. Keim* and *Clarence E. Hall,* of *Orr & Hall,* for appellants, Harry T. Stoddart, trustee, and Julius Garfinkle & Co.—Since the passage of the late acts, there has never been a serious question under Pennsylvania practice as to the right to issue foreign attachment against a testamentary trustee or a trustee inter vivos.

Examples are to be found of attachments against trustees in Girard L. F. & T. Co. v. Chambers, 46 Pa. 485; Keyser v. Mitchell, 67 Pa. 473; Willis v. Curtze, 203 Pa. 111.

A trustee, inter vivos, who holds shares of stock in which a cestui que trust is interested upon termination of the trust, is subject to a writ of foreign attachment: Moys v. Union Trust Co., 276 Pa. 58.

A writ of foreign attachment issued against individual garnishees reaches all property of defendant held by such individuals, although the individual garnishees' specific capacities are not set forth in the writ: Gochenauer v. Hostetter, 18 Pa. 414.

It is not necessary for the writ of foreign attachment to disclose an intention to attach property of the garnishee in any specific capacity: Brunswick Co. v. Brown, 22 W. N. C. 43.

The attachment bound the property of defendant held by the garnishees as trustees under the inter vivos trust of 1904: Bentley v. Kaufman, 3 W. N. C. 352; Layman v. Beam, 6 Wharton 181.

*R. W. Archbald, Jr.,* for appellee.—None of the attachments summoned the corporation as garnishee, as required by Acts of 1836 and 1911: Christmas v. Biddle, 13 Pa. 222; Littell v. Gas & Water Co., 42 Pa. 500; Weaver v. R. R., 50 Pa. 314.

OPINION BY MR. JUSTICE FRAZER, June 26, 1926:

Frederick J. Poth, in his lifetime, executed a deed of trust concerning shares of capital stock of F. A. Poth & Sons, Inc., for the benefit of persons therein mentioned, the trust to run for a period of twenty years, after which time the shares of stock included in the trust were to be transferred by the trustee to the parties entitled thereto. The trust expired April 30, 1924. Two hundred shares of this stock belonged to Mrs. Claire M. P. Gulick. In addition to the stock, the trustee, on January 26, 1922, issued a check to the order of Mrs. Gulick for $12,000, representing dividends on the shares belonging to her. This check unendorsed by her was delivered to her attorneys who retained it in their possession and claimed a lien on the fund it represented for services rendered.

On March 21, 1924, Mrs. Gulick was adjudged a bankrupt and plaintiff appointed trustee. In the meantime,

between June 23, 1922, and March 17, 1923, a number of attachments had issued against the stock; among these writs were two foreign attachments, one in favor of Harry T. Stoddart, trustee, and another in favor of Julius Garfinkle, trading as Julius Garfinkle & Company, who are appellants in the present proceedings. The trustee in bankruptcy filed the bill in these cases against the attaching creditors, joining, as parties defendant, the trustees under the trust deed above referred to and the attorneys for Claire M. P. Gulick, averring the attachments were not binding against the stock in the hands of the trustees under the trust deed, nor against the check in the hands of the attorneys, and asking an order to transfer and deliver both the stock and the check to plaintiff, subject to whatever lien the attorneys might have on the funds for services.

The answer of Garfinkle averred the attachment issued by him was not for the purpose of seizing specifically the two hundred shares of stock referred to, but to secure possession of the interest of Mrs. Gulick under the trust. Stoddart answered to the same effect and further submitted to the court the legal question whether the check was the subject of attachment. No testimony was taken, nor was there dispute as to the facts in the bill and answer, the questions being whether, under the averments, the stock and check were bound by the attachment proceedings.

The description of the garnishees in the writ by Garfinkle is "individually and as trustees of the estate of Frederick J. Poth, deceased." Although defendants acted in that capacity, they did not hold the stock as such trustees, but as trustees under a trust deed, an entirely distinct and separate transaction, in no manner having to do with the estate of Frederick J. Poth. Had the garnishees been described generally without statement of the employment in which they acted, it might well have been argued the property in their hands was bound regardless of the capacity in which held. A

person, however, may frequently have possession of property in different capacities, and if summoned as garnishee in a particular manner, he has notice that property held in that respect alone is bound. Such property solely is the subject-matter of the attachment and the creditor is without right to complain if his writ is limited to the property thus specifically designated: Smith's App., 108 Pa. 508. The particular stock here claimed was held by the trustees neither as individuals nor as trustees of the Poth estate, but as trustees under a deed of trust entirely distinct from that estate. The attachment of Garfinkle was accordingly insufficient to bind the stock.

The Stoddart attachment was similar in language to that used by Garfinkle, except that, following the designation of the garnishees as executors and trustees of the Poth estate, an added clause stated "and in any other capacity." Here was sufficient notice to the garnishees that the subject-matter of the attachment was any and all property held by them in any manner for the benefit of the judgment debtor. There is nevertheless a further difficulty in the way of permitting either of the attachments to cover the stock. Sections 22, 36 and 37 of the Act of June 16, 1836, P. L. 755, contemplated service of the corporation as garnishee when stock is seized under a writ of attachment. Inasmuch as the corporation has not been summoned, necessary parties are not before the court. Appellants seek to avoid this difficulty by pointing to the fact that their attachment was not against the stock, but against the interest of the debtor in the stock under the trust deed, and in support of this view refer to Moys v. Union Trust Co., 276 Pa. 58. In that case, however, the rights of the beneficiaries under the trust agreement were not merely to a delivery of the stock, but to receive a portion of the proceeds of the sale of the stock plus dividends, less proper charges, the decision being based on the fact that the right of the creditor was not an absolute right to the stock, but merely to an ac-

counting for her share of the property. We consequently held that any money found due defendant under the agreement would be a proper subject of attachment. Here it was the duty of the trustee to turn over the stock itself, and the dividend check was turned over without being cashed, accordingly no question arose as to an accounting for proceeds.

The Uniform Stock Transfer Act of May 5, 1911, P. L. 126, does not help appellants, as the provisions of that legislation apply only to certificates issued after the act became effective. However, if we treat the act as applicable to the case, section 13, provides, "No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined." Section 14 provides further, "A creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction by injunction and otherwise, in attaching such certificate, or in satisfying the claim by means thereof, as is allowed at law or in equity in regard to property which cannot readily be attached or levied upon by ordinary legal process."

In the present case the certificates of stock were not actually seized or surrendered to the corporation, nor was an injunction or other aid of the court requested in securing possession of them. Whether we view the proceedings under the old or the new law, the necessary procedure to make the attachment effective was not followed.

As to the $12,000 check, it was drawn by F. A. Poth & Sons, Inc., to the use of the executors of the Frederick A. Poth Estate, endorsed to Mrs. Gulick, and delivered to her attorneys. The fund it represented never came into the hands of either the executors or trustees, consequently it was not bound by the proceedings. The attachment against the attorneys as garnishees is also

without effect, as they are neither payees nor endorsers, but mere strangers to the check on which they claim a lien for services. The check is not payment but, if it were, it is not payable to them. Accordingly, there is nothing in their hands but a chose in action in favor of another on which they could not even sue and which is not attachable. An attachment must be against the debtor of defendant, and not against one who holds merely a chose in action, the evidence of the debt: Raiguel & Co. v. McConnell, 25 Pa. 362, 363; Gilmore v. Carnahan, 81* Pa. 217, 220; Taylor v. Huey, 166 Pa. 518, 519.

The decree entered in each case is affirmed at costs of appellant.