## Integrity Trust Company, Appellant, v. Taylor.

Argued April 26, 1933. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John Stokes Adams,* for appellant.

*Francis Shunk Brown,* with him *Charles L. Guerin,* for appellee.

PER CURIAM, May 22, 1933:

This appeal is from an order of the lower court quashing an attachment issued upon a judgment for plaintiff in an action to recover sums due upon defendant's promissory notes. The Stanley Company of America was summoned as garnishee and made answer to the interrogatories filed. From these answers, it appears there is in garnishee's hands a balance due Taylor under the terms of a written contract for his personal services made in 1917 with J. F. Zimmerman. This court, in Taylor v. Stanley Company of America, 305 Pa. 546, determined that the contract referred to above was assumed by the garnishee under an oral agreement evidenced by paragraph 5 of a lease executed October 15, 1924, by which the Stanley Company obtained possession of designated theatres belonging to Zimmerman, and agreed to take over the contract for Taylor's services for a term ending May 31, 1945. The answers of the garnishee also state that no money has been paid under the contract since June, 1932, and that the Stanley Company of America has not requested defendant to perform any services although he has expressed a willingness to carry out his obligations under the agreement.

Appellant argues that money payable to defendant in accordance with the contract, as found by this court in the decision referred to above, is not salary or wages earned by defendant in such manner as to be exempt from attachment under the provisions of section 5 of the Act of April 15, 1845, P. L. 459. This contention cannot be sustained, for it clearly appears by the terms of the

contract that defendant must hold himself in readiness "to give such time and attention to the management of [the] theatres as he may think necessary to properly conduct the places of amusement." Although the Stanley Company of America has attempted to terminate the contract and has not called upon defendant to perform services, nevertheless, under the decision of this court, the contract is still in force and defendant is liable to be called upon to render services as stipulated therein. It follows that the sums payable to defendant are salary and are exempt from attachment: Danziger v. Ferber, 272 Pa. 193; Diamond T. Motor Car Co. v. Patterson, 96 Pa. Superior Ct. 305.

The order of the court below is affirmed.