# Fleming's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*George S. Ellis*, for petitioner; *Thomas W. McConnell, 3d.*, contra.

STEARNE, J., June 30, 1933.—This is a petition for the review of an adjudication presented by an attaching creditor of a distributee because the fiduciary did not give him written notice of the filing of the account. Service of the attachment is conceded, but the answer denies liability upon two grounds: First, because the petitioner is not a party under the Fiduciaries Act of 1917, and was therefore not entitled to notice; and, second, because the fiduciary was acting as trustee and not as a coexecutor.

Upon the first point we entertain no doubt. An attaching creditor of a distributee or a party in interest is a "person . . . claiming to be interested in the estate" under section 46 (c) of the Fiduciaries Act of June 7, 1917, P. L. 447. Such an attaching creditor stands in the shoes of the distributee and is entitled to receive actual notice of the filing of the account.

The second point presents more difficulty. According to the record, petitioner was a judgment creditor of Harriet Fleming Turner who, under the will of this decedent, was possessed of a vested one-sixth interest in the residuary trust estate, subject to the life estate of her mother. According to the will, the widow and corporate respondent were named as coexecutors and the respondent as "executor trustee". In due course the coexecutors filed their account as such, which was duly audited, and the funds were awarded to the respondent in trust

732

according to the terms of the will. This adjudication was dated June 2, 1931. On July 10, 1931, petitioner issued his attachment, which was served on respondents as garnishees on July 13, 1931, and an appearance was entered for them by counsel the following day. It is here to be particularly noted that this attachment, so issued and served, named the distributee as defendant and the widow and respondent as executors garnishees. In truth and in fact at this particular time, the garnishees as coexecutors had, in accordance with the adjudication, paid the assets over to the respondent as trustee named in the will, as above stated, "executor trustee". The widow, life tenant, died on April 3, 1932, and thereafter the respondent, as trustee, filed its account. No notice of the filing of this account was ever given petitioner as attaching creditor. On June 21, 1932, an adjudication was filed in which the interests of petitioner, if any, were not considered. According to the record full distribution has been made in accordance with the adjudication. On May 15, 1933, a citation was issued to open the adjudication of June 21, 1932, to which an answer has been filed and the matter presented for determination upon a question of law.

As we view it, the question is this: Will a fiduciary be excused from giving actual notice of the filing of an account to an attaching creditor because the fiduciary is designated in the attachment proceedings as coexecutor instead of under his correct title, that of trustee? We think not. The trustee, by virtue of the service of the attachment, received written notice of the creditor's claim. It then became incumbent upon such trustee to give actual notice of the filing of the account under the act. It may well be that such attachment may prove ineffective: Adkins v. Poth·et al., 286 Pa. 555. Nevertheless, in our opinion, it was the duty of the fiduciary to bring the matter to the attention of the auditing judge for his consideration and determination. If the fiduciary fails in this, either through inadvertence or in attempting to decide the question for himself, the burden must be placed upon such fiduciary of defending his action.

We have therefore concluded that the adjudication of June 21, 1932, must be opened to enable petitioner to present his case before the auditing judge, but we expressly withhold decision as to the validity of the attachment or concerning the rights of any of the parties in the matter. Counsel will present an appropriate decree.