Hollander *v.* Kressman (et al., Appellant).

**33**

Argued October 7, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*W. Jos. Harrison, Jr.,* with him *Clelland L. Mitchell,* for appellant.

*Joseph L. Ehrenreich,* for appellee.

OPINION BY HIRT, J., January 30, 1941:

The appeal in this action of attachment sur judgment questions the refusal of the lower court to enter judgment in favor of the garnishee notwithstanding the verdict.

In 1935 the defendant Kressman, then the owner of a number of trucks, contracted with Gorberg the present garnishee to haul his produce at a package rate. In 1937 a judgment for $1,500 was entered by the plaintiff Hollander against Kressman and his trucks were seized on execution and were sold in January 1938. On January 28, 1938 plaintiff served Gorberg with the

attachment sur judgment involved in this appeal. From 1935 until the time of the attachment Kressman without question, was an independent contractor but that relationship with Gorberg ceased when he was deprived of the means of further performance by the loss of his trucks. Following the attachment for a period of about four weeks, Gorberg's produce was hauled in trucks owned by one Messina and Gorberg paid Messina weekly by check at the same package rate formerly paid Kressman. During this period Kressman either drove or provided drivers for Messina's trucks and by an agreement between them, Messina retained $25 weekly from the proceeds of Gorberg's checks for the use of the trucks and paid Kressman the remainder. There is no evidence that Gorberg was a party to this arrangement between them and Gorberg denied knowledge of it. Messina withdrew his trucks from Gorberg's service after a few weeks and thereafter Gorberg hired a number of other truckers to do his hauling. This service was unsatisfactory and in March 1938 Gorberg bought a number of trucks and then hired Kressman and one Merlino as drivers to operate them and to do his hauling at weekly wages of $40 each. Maintenance of the trucks and operating costs were borne by Gorberg. Kressman's wages were later increased to $60 per week and he continued in the employ of Gorberg from March 28, 1938 to the date of trial.

It is plaintiff's theory that the amounts received by Kressman were not in fact wages free from attachment, but were payments made to him as an independent contractor and as such, when attached, became the property of plaintiff. The trial of that issue resulted in a verdict for plaintiff against the garnishee in the sum of $1,872.36, the then amount of plaintiff's judgment against Kressman.

If Kressman was an independent. contractor, all moneys due him under his contract with Gorberg after the date of service of the attachment to the date of

trial were bound thereby. *Huck-Gerhardt Co. Inc. v. Davies et al.,* 134 Pa. Superior Ct. 430, 3 A. 2d 963. On the other hand if Kressman was an employee merely, the wages earned by him after the attachment were not affected by the return. *Fulweiler v. Hughes,* 17 Pa. 440. The Act of April 15, 1845, P. L. 459 §5, 42 PS 886, expressly exempts wages or salary from attachment in the hands of an employer. This provision of the act relating to proceedings before justices of the peace has been uniformly construed to apply to all judgments in whatever court entered. *Wagner-Taylor Co. v. McDowell et al.,* 137 Pa. Superior Ct. 425, 9 A. 2d 144; *Integrity Trust Co. v. Taylor,* 312 Pa. 3, 167 A. 363.

Gorberg in answer to interrogatories, averred that he did not at any time have funds in his hands belonging to Kressman which were subject to attachment. The same defense was interposed here. When the garnishee in an attachment pleads nulla bona, the burden of showing assets in his hands is on the attaching creditor. *Caldwell v. Coates,* 78 Pa. 312. It is incumbent on a plaintiff to show funds or property of the judgment debtor in the garnishee's hands subject to the attachment. *Malone v. Riedenauer,* 231 Pa. 417, 80 A. 885; *Taylor v. Huey,* 166 Pa. 518, 31 A. 199.

It is clear from a reading of the testimony that plaintiff has failed to meet the burden of proof upon him. There is not even a scintilla of direct evidence that at the time of the attachment the garnishee owed Kressman anything; on the contrary the uncontradicted testimony, elicited from Gorberg when called as on cross-examination, (binding upon the plaintiff, *Krell v. Jacobson,* 314 Pa. 522, 172 A. 697) is that at that time Kressman in fact owed Gorberg $85. As to Kressman's earnings after the attachment, plaintiff proceeded upon the theory that, since Kressman admittedly was an independent contractor in the service of Gorberg before the attachment, the same arrangement was continued thereafter. This is specious reasoning in the

light of the undisputed facts. It is unimportant that Kressman's income when working for Gorberg under a contract greatly exceeded the amount he now receives as wages and this fact does not raise even a well founded suspicion of a secret arrangement between him and his employer by which he received more. Kressman had lost his trucks; he had nothing to offer except his personal services. Many a small contractor on the loss of his equipment or tools has been obliged to work for wages. The books of Gorberg throughout the period show that he received wages and nothing more and on the basis of wages paid, returns were made to the proper Social Security authorities and similar returns were made to the Commonwealth. The only period after the attachment when Kressman received more than wages was during a few weeks when he did the hauling for Gorberg in Messina's trucks. But what he received was by virtue of an arrangement between him and Messina. Gorberg is not bound by an agreement to which he was not a party.

The jury in this case were permitted to base their verdict upon possibilities or at most upon a finding of the opportunity for collusion between Kressman and Gorberg. This is not enough. A verdict must be supported by facts or by conclusions reasonably deducible from them; it cannot be based upon guess or conjecture. *Bradley et al. v. Rhodes,* 124 Pa. Superior Ct. 161, 188 A. 564. Viewing the record in the light most favorable to plaintiff and giving him the benefit of the most favorable inferences from the testimony, it seems clear that the garnishee's motion for a directed verdict in his favor should have been granted in the absence of either an admission or proof of attachable property in the hands of the garnishee. *Taylor v. Huey,* supra; *Malone v. Riedenaucr,* supra.

Judgment reversed and directed to be entered in favor of the garnishee n. o. v.