## Mills Automatic Merchandising Co. v. Brown et al.

*Milford L. McBride*, for plaintiff.
*Hiram M. Drake*, for defendant.

ROWLEY, P. J., April 7, 1943.—This matter is before the court upon the question of the validity of an attachment execution. The record is rather informal and not altogether satisfactory; nevertheless, opposing counsel urge that we dispose of the matter upon the merits, notwithstanding the unconventional record.

At no. 24, December term, 1941, plaintiff issued an attachment execution upon a judgment for $992.05, recovered against James L. Brown at no. 151, September term, 1941, and summoned Stamsvik Manufacturing Company as garnishee.

Interrogatories were filed to which the garnishee made answer of nulla bona. Issue was not joined, presumably because the garnishee had filed a petition in the United States district court for reorganization under chapter X of the Bankruptcy Act of June 22, 1938, 52 Stat. at L. 883. (No question is here raised as to the effect of the bankruptcy proceeding upon the attachment, hence we shall not discuss that point.)

The fund sought to be attached as the property of defendant Brown in the hands of the garnishee is a judgment recovered by Brown against Stamsvik Manufacturing Company at no. 4, December term, 1941. This judgment was the product of assumpsit brought by Brown against Stamsvik Manufacturing Company. The statement of claim in that action averred that there was due Brown the sum of $5,210 for salary and the sum of $593.75 for cash advanced by Brown to pay expenses chargeable to defendant company.

In that action Brown took judgment in the sum of $5,803.75 for want of an appearance by Stamsvik Manufacturing Company. Subsequently Stamsvik Manufacturing Company presented motions to strike off the judgment and to open the judgment. Rules to show cause were granted, but the matter was not further prosecuted.

Pending disposition of Stamsvik's petition in bankruptcy, the latter company and Brown entered into a stipulation reducing the amount of the aforesaid judgment from $5,803.75 to $1,500.

When the instant matter was submitted to this court on December 7, 1942, we informed counsel that a disposition of the question could be made only after a jury trial upon an issue of fact, or upon motion to dissolve the attachment, the garnishee having made answer nulla bona.

Thereafter, counsel for Brown, defendant in the instant proceeding, and counsel for Mills Automatic Merchandising Corporation, the plaintiff, entered into the following written stipulation:

"AGREEMENT OF COUNSEL

"And now, December 7, 1942, it is agreed that the matter before the court shall be decided as if rule for judgment or dissolution of attachment had been made together with waiver of trial by jury and that the court shall take into consideration the testimony taken and

find the facts: it is further agreed that the answer of the Stamsvik Manufacturing Company to the interrogatories be offered and received in evidence.

HIRAM M. DRAKE,
*Attorney for James L. Brown,
defendant.*

M. L. MCBRIDE,
*Attorney for Mills Automatic
Merchandising Corporation,
plaintiff.*"

When counsel proposed to take testimony on December 7, 1942, a hearing seemed premature, nevertheless, counsel agreed thereafter to enter a stipulation, which would permit consideration and disposition of the matter by the court. Thereupon the proposed testimony was heard. The stipulation above quoted was subsequently made.

From the brief testimony taken and the agreements of opposing counsel, it appears that the precise question is whether the fund in the hands of the Stamsvik Company is subject to attachment by the Mills Company, a creditor of Brown, or whether the fund is salary due Brown and as such exempt by law from attachment.

Brown has filed no formal claim for exemption, nor were the judgment and pleadings at no. 4, December term, 1941, formally offered in evidence; nevertheless, the stipulation of opposing counsel is probably broad enough to permit the court to treat these acts as done.

## Findings of fact

1. At no. 4, December term, 1941, James L. Brown filed a statement in assumpsit claiming of the Stamsvik Manufacturing Company the sum of $5,210 for unpaid salary, and the additional sum of $593.75 for expenses chargeable to the company paid by Brown.

2. On October 7, 1941, James L. Brown took judgment for want of an appearance, against the Stamsvik Manufacturing Company, for the full amount of his claim, $5,803.75.

3. On October 15, 1941, the Stamsvik Manufacturing Company obtained rules to open and to strike off the aforesaid judgment. The rules were not proceeded with.

4. On September 3, 1941, at no. 151, September term, 1941, Mills Automatic Merchandising Corporation confessed judgment upon a warrant of attorney against James L. Brown for $992.05.

5. On September 3, 1941, the Mills Corporation issued an attachment execution upon the last-mentioned judgment against James L. Brown, and summoned Stamsvik Manufacturing Company as garnishee. The attachment was served upon the garnishee on September 16, 1941.

6. On November 17, 1941, the garnishee filed its answer to the interrogatories, and averred that it had no funds or goods of defendant.

7. The answer to the interrogatories also averred:

"The transactions had with the defendant James L. Brown, by the Stamsvik Manufacturing Company were simply the payment of certain sums of money to the defendant to reimburse him for out-of-pocket expenses incurred in promoting sales of the Garnishee's manufactured products."

8. On November 12, 1941, the Stamsvik Manufacturing Company filed its petition in the District Court of the United States for the Western District of Pennsylvania for reorganization under chapter X of the Bankruptcy Act.

9. On May 28, 1942, while the last-mentioned petition was pending in the bankruptcy proceedings, counsel for James L. Brown and counsel for Stamsvik Manufacturing Company made the following stipulation:

"In the District Court of the United States for the Western District of Pennsylvania

In the matter of
Stamsvik Manufacturing
Company, Debtor

No. 21202 in
Proceedings for the
Reorganization of a
corporation

Stipulation

It is hereby stipulated and agreed by and between Hiram M. Drake, attorney for James L. Brown, claimant, and Julius L. Schoenberg, attorney for Stamsvik Manufacturing Company, debtor in possession, that the claim of James L. Brown heretofore filed in the above entitled case, in the sum of $5803.75 be reduced to the sum of $1500 for salaries due and owing from the debtor to the said James L. Brown, and that as such it be allowed in the sum of $1500.00 as a claim against the estate of the debtor.

Hiram M. Drake
May 28, 1942.     Julius L. Schoenberg"

10. The claim referred to in the foregoing stipulation is the judgment obtained by Brown against the Stamsvik Company at no. 4, December term, 1941, for salary of $5,210 and expenses advanced $593.75.

11. Counsel for Stamsvik Manufacturing Company did not participate in the instant hearing and argument.

*Discussion*

If we were limited to the garnishee's answer to the interrogatories, we should be obliged to find no funds in the hands of the garnishee, but under the submission presented by opposing counsel we are of the opinion that the stipulation between the instant defendant Brown and the Stamsvik Company may be substituted for the answer nulla bona. It seems, therefore, admitted that the garnishee has in its hands $1,500 payable

to defendant, subject, of course, to the rights of the attaching creditor.

Upon service of the writ of attachment on September 16, 1941, any fund of defendant in the hands of the garnishee remained attached in its hands.

The service of an attachment execution has the effect of an equitable assignment of the thing attached: Joseph Melnick B. & L. Assn. v. Melnick et al., 318 Pa. 120, 122. It puts the garnishee in the relation to the attaching creditor which he has sustained to the former creditor. The effect of the attachment was a statutory assignment on September 16, 1941, to Mills Automatic Merchandising Corporation of attachable funds in the hands of Stamsvik Company which were due James L. Brown: Aarons v. Public Service B. & L. Assn. et al., 318 Pa. 113, 116. Thus after September 16, 1941, the Stamsvik Corporation, as garnishee, stood in the relation to the Mills Corporation, the attaching creditor, which the Stamsvik Company had sustained to Brown theretofore: Aarons v. Public Service B. & L. Assn. et al., supra. After service the Stamsvik Company might make the same defense to the attachment by evidence of set-off or of other equities that it might have made against its original creditor: Roig v. Tim, 103 Pa. 115, 117.

Service of the attachment creates the lien. Thereafter the attaching creditor stands in the shoes of the debtor against the garnishee: LaBarre v. Doney, 53 Pa. Superior Ct. 435. The lien which was created September 16, 1941, could not be released or dissipated by either the original debtor or the original creditor to the prejudice of the attaching creditor.

On May 28, 1942, the Mills Corporation had a lien upon attachable funds in the hands of the Stamsvik Company. The stipulation of this date between the Stamsvik Company and Brown was ineffectual to reduce the claim of the Mills Corporation, and it could not, of course, by merely terming the fund "salary"

render it nonattachable. Brown was entitled to an opportunity to show that the fund was salary, and as such not attachable. By the same token the Mills Corporation was entitled to an opportunity to combat the claim that the fund was salary, but it is obvious that the Stamsvik Company and Brown could not by agreement put the Mills Corporation out of court without a hearing.

While it is a well-established rule that the court will not quash a writ of attachment execution unless some fundamental irregularity appears on the face of the record, yet it is a recognized exception to that rule that evidence dehors the record may be a ground for quashing a writ where defects therein are of such a character as to put plaintiff completely out of court: Provident Trust Co. v. Rothman et al., 321 Pa. 177, 187.

In Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, the exceptional instances are stated where writs are quashed on matter dehors the record.

"The present case comes within one of the exceptions therein indicated, viz.: 'that the property in question is, by statute, exempt from attachment' ": Provident Trust Co. v. Rothman et al., supra. See also Integrity Trust Co. v. Taylor, 312 Pa. 3.

We are, therefore, authorized to consider matters dehors the record in order to determine whether the instant fund is exempt from attachment.

Upon a proper showing the Stamsvik Company might have been in a position to defend on the ground that the judgment was discharged in bankruptcy, but no effort was made by the garnishee to show any duty upon the Mills Corporation to prove its claim in bankruptcy. The garnishee offers no defense to the attachment. The claim of exemption is the defense of Brown. This defense raises the single question whether the fund is salary. Counsel for Brown contends that the entire fund is salary, and is therefore exempt from

attachment by the Act of April 15, 1845, P. L. 459, séc. 5, 42 PS §886, but adds:

"If it cannot be said that the $1500 allowed Brown is entirely salary, then conversely it cannot be said that it is entirely traveling expenses."

The learned counsellor argues that, if any part of the fund is attachable as a reimbursement for expenses paid by Brown, the amount should not exceed a sum which bears the relation to $593.75 that $1,500 bears to $5,803.75, namely $153.48.

Upon the other hand counsel for the Mills Corporation contends that no part of the total sum of $5,803.75 is salary. He argues that the testimony establishes that Brown received salary from another occupation, and that the fund attached is ordinary income or profit and not salary.

Brown's statement of claim, upon which he obtained judgment, averred that the Stamsvik Company owed him $593.75 for expenses advanced and $5,210 for salary. Upon that statement judgment was rendered for the sum of these two amounts. Can Brown now dispute his own statement of claim? The Mills Corporation also relies upon that judgment. Is it in any better position to question the statement upon which the judgment is based, and now to contend that no part of the judgment is for salary?

In its answer to the interrogatories the Stamsvik Company states that it had transactions with Brown involving reimbursement to him for expenses paid. This tends to corroborate to some extent the contention that the amount claimed by Brown included some expenses.

It should be noted that the claim for expenses was not for the expenses of Brown which were incidental to his employment, but were incurred by another agent of the Stamsvik Company.

Had the Stamsvik Company been successful in striking off Brown's judgment against it, then the attach-

ment of the Mills Corporation would have fallen with the judgment. But the lien of the attachment persisted because neither the judgment of Brown against the Stamsvik Company, nor the judgment of the Mills Corporation against Brown, which supported. the attachment, was successfully attacked.

On and after the date of the attachment a portion of the fund in the hands of the garnishee was payable to the Mills Corporation unless Brown or the Stamsvik Company presented a valid defense to the attachment. No defense was offered by the garnishee, and the only defense of Brown is that the fund is salary and as such exempt by law from attachment.

Under all the evidence, the court is bound, as are all the parties, by the averments in the statement of claim by Brown that the amount due Brown from the Stamsvik Company included salary of $5,210 and advances of $593.75. This is especially so since the averments of the statement have been confirmed by the judgment entered thereon.

This judgment bears interest from October 7, 1941. Manifestly the portion subject to the lien also bears interest from the date of the judgment in favor of Brown against Stamsvik Company, not from the date of attachment.

### Conclusions of law

1. Of funds in the hands of the garnishee on September 16, 1941, the sum of $593.75 became immediately subject to the lien of the attachment of the Mills Corporation, and remains so bound. As to this portion of the fund judgment must be entered for Mills Automatic Merchandising Corporation, interest to be computed from October 7, 1941.

2. The balance of the funds in the hands of the garnishee is salary exempt by law from attachment. As to this portion of the fund the attachment must be dissolved.

*Verdict*

We find a verdict in favor of Mills Automatic Merchandising Corporation and against the Stamsvik Manufacturing Company, garnishee, for $593.75, with interest from October 7, 1941, a total of $647.19, the amount of attachable funds of James L. Brown in the hands of the garnishee.

*Judgment*

And now, April 7, 1943, judgment is entered in favor of Mills Automatic Merchandising Corporation and against the Stamsvik Manufacturing Company for $647.19.