## Department of Public Assistance v. Bubenko

*C. L. Shaver* and *Coffroth & Boose*, for rule.

*Uhl & Uhl*, contra.

BOOSE, P. J., May 27, 1949.—This case is before the court upon the rule entered by execution plaintiff on garnishee to show cause why judgment should not be entered upon garnishee's answers to the interrogatories propounded, and garnishee's answer to the rule.

From the answers of garnishee to the interrogatories and the rule to show cause why judgment should not be entered thereon, corroborated by the oral testimony of garnishee's cashier, the following facts undisputably appear: On January 22, 1941, Mrs. Annie Thomas, a sister of Joseph Bubenko, judgment defendant, de-

posited in the Citizens National Bank in Windber, in a savings account in the joint names of herself and brother, the sum of $500, for the express purpose of providing a fund to defray the funeral and burial of the brother upon his death. Subsequently, on June 10, 1946, the additional sum of $200 was deposited by the sister in the account for the same purpose, thereby making the total amount of the deposit $700, with accrued interest, which remained in the hands of the garnishee at the time the writ of attachment execution was issued and served upon it. Some time subsequent to the making of the last deposit in the account, Annie Thomas, the sister, died, leaving her brother, Joseph Bubenko, to survive. Following the death of the sister, a new pass book was issued to the brother, in the name of Joseph Bubenko alone, for the amount of money then on deposit in the account. Execution plaintiff issued an attachment execution to seize and attach the money represented by the bank account as the individual money and property of Joseph Bubenko, judgment debtor. The question thus presented for determination is this: Where a sister deposits certain sums of money in bank on a savings account in the joint names of herself and a brother, for the express purpose of providing a fund to defray the funeral and burial expenses of the latter upon his death, may a judgment creditor of the brother seize and take the money so deposited under a writ of attachment execution?

The answer to the question involved must be found by the application of familiar and well established legal principles to the undisputed facts. Where, as here, money is deposited in bank for a particular specific purpose, it partakes of the nature of a "special" deposit to the extent that the title to the money deposited remains in the depositor and does not pass to the bank; no relation of debtor and creditor is created

between the bank and the depositor; and the bank becomes the trustee of the fund for the specific purpose and for the benefit of such third person: 9 C. J. S. 570. Under the arrangement and understanding between the sister and the bank, in the presence of the brother, at the time the initial deposit was made, there can be no doubt that it was the intention of all the parties to create a trust fund of the moneys deposited for the specific purpose of providing a fund to defray the funeral and burial expenses of the brother upon his death. Under this arrangement, the bank became the trustee of the fund for the use and benefit of the beneficiary brother after his death. No question can be raised as to the legality and validity of a trust created for such purpose: Foley's Estate, 14 Dist. R. 681.

It may be stated as a general rule that the corpus of such trust fund is not subject to an attachment execution, unless the money held in trust is to be turned over at the end of the trust to the beneficiary, whose interest is not limited to the proceeds or income of the trust property: Osborne v. Soley, 81 Pa. 312; Adkins v. Poth, 286 Pa. 555. It is generally held that trust funds in the hands of the trustee are not subject to an attachment execution: Riverside Trust Co. v. Twitchell et al., 342 Pa. 558; Bank of North Liberties v. Jones & Cole, 42 Pa. 536; Keyser v. Mitchell, 67 Pa. 473; Sheetz v. Leech, 2 W. N. C. 291; 28 C. J. 102; 38 C. J. S. 271. The mere fact that after the death of the sister, the deposit was transferred into the name of the brother alone, and a pass book issued to him, did not change or alter the nature and character of the trust fund. This is not a case of two persons opening an account with a savings account, payable to either

or the survivor. The money on deposit was impressed with a trust character, and the trust follows the fund in the names of the beneficiary. The general test of liability to garnishment is garnishee's liability to defendant in the judgment. The rights of an attaching creditor cannot rise higher than those which defendant has against garnishee, and the liability of the latter is measured by his responsibility in case the debtor himself had brought an action to recover it: Austin-Nichols & Co. v. Union Trust Co. et al., 289 Pa. 341; Melnick Building & Loan Association v. Melnick et al., 318 Pa. 120. The principle at the base of an attachment execution is that garnishee owes money to the judgment debtor, or has in his possession money or property belonging to the latter, which he (the judgment debtor) has a legal right to require the garnishee to pay to him, except for the attachment. If garnishee owes the judgment debtor nothing, or has in his possession no money or property belonging to the latter, the attachment falls. The application of the principle just stated to the undisputed facts in the present case furnish the final and conclusive answer to the question involved. Certainly, in the present case, garnishee has no money in its hands which it owes to the beneficiary, Joseph Bubenko, presently, or which he could recover in an action against the garnishee. The only interest which the beneficiary has in the trust fund will accrue for his use and benefit after his death. He has no such interest in the trust fund as could subject it to an attachment execution at the suit of his judgment creditor. To hold that the fund in question is subject to plaintiff's writ of attachment execution would defeat and destroy the purpose and existence of the trust fund, and leave donor's indigent brother to be finally laid at rest in a pauper's grave. Under the facts and the law applicable thereto, we cannot assent to the contention that plaintiff is entitled to judgment against garnishee upon its answers to the

interrogatories propounded. Accordingly, we now enter the following

*Order*

Now, May 27, 1949, the rule entered by execution plaintiff for judgment against garnishee upon its answers to the interrogatories is discharged at the costs of plaintiff.