[PHILADELPHIA, APRIL 3d, 1837.]

## BARNETT and Others *against* WEAVER and Another.

## BARNETT and Others *against* FULMER.

#### IN ERROR.

A legacy is not subject to a foreign attachment in the hands of executors for the debt of the legatee.

ON a writ of error to the Court of Common Pleas of Montgomery county, it appeared that two writs of foreign attachment had issued out of that court against Samuel Barnett, on which Henry Barnett and others, executors of the will of Frederick Barnett, deceased, were summoned as garnishees. Judgment having been duly obtained at the third term, a *scire facias* issued in each suit, against the garnishees, and the following case was stated for the opinion of the court, to be considered as a special verdict.

"Frederick Barnett, the elder, by his last will and testament, dated the 4th day of March, A. D. 1830, devised his estate as follows: ' My will is that all the moneys remaining in my executors' hands, after such deduction, shall be equally divided to and among all my children, share and share alike; that is to say, to my sons William, Philip, John, Henry, Frederick and *Samuel Barndt*, and my daughter Catharine, the wife of John Shellenberger, and my daughter Elizabeth, the wife of Daniel Ott, including the moneys I have advanced to some of my children, as will appear, into each share so advanced, to make said shares equal with including said advance, and one equal divided ninth part or share to be equally divided to and among my grandchildren, the children of my son Andrew Barndt, deceased, including into said share what I have advanced him, my said son Andrew, in his lifetime; *but it is my will that the proportionable share which would come to my son Samuel Barndt, shall be retained in the hands of my executors until my said son Samuel shall return to these parts, or shall legally authorise some person to receive the same from my executors, and execute a sufficient release for the same; and in case my son Samuel should not return in his lifetime, or authorise some person to receive the same as aforesaid, then my will is, that his proportionable share shall go*

(Barnett *v.* Weaver et al.)

*and be divided to and among my other children, share and share
alike.'* Letters testamentary were duly granted to the abovenamed
garnishees, the executors therein named; of whom Frederick Bar-
nett, the younger, is now dead. The said executors of Frederick
Barnett, the elder, deceased, have made settlement of the estate of
their testator; and the share of Samuel Barnett under said will, is
now on deposit in the Bank of Montgomery County, awaiting the
decision of these suits.

In this court to November Term, 1831, Nos. 4 and 12, writs of
foreign attachment were issued at the suits of the above plaintiffs
respectively, against Samuel Barnett, the son of said testator; the
record and proceedings in which suits are hereby made a part of
this case.

If under these proceedings the plaintiffs are entitled to judgment
in the above suits against the executors of Frederick Barnett, for
the amount of Samuel's share of the estate attached in their hands,
then judgment to be entered accordingly; the *amount* to be ascer-
tained by attorneys, or by reference to the prothonotary. If the
court shall be of opinion that the plaintiffs cannot recover, then
judgment to be entered for the defendants."

On the 14th of January, 1837, the Court of Common Pleas order-
ed judgment to be entered for the plaintiff in each of the said
actions; to reverse which, this writ of error was sued out.

Mr. *Sterigere*, with whom was Mr. *Freedley*, for the plaintiff in
error, referred to *Shewell* v. *Keen*, (*ante*, p. 332.)

Mr. *Haly*, contra.

PER CURIAM. We discover no material difference betwixt this
case and *Shewell* v. *Keen*, decided here the last term. The pro-
perty attached in the hands of the garnishees, was assets in their
hands as executors, and entitled them to demand refunding bonds.
It was therefore not a subject of attachment.

Judgment reversed.