## Kerr *v.* McClure, Appellant.

*Contract—Evidence—Parol evidence—Contract part in writing, part in parol—Inducement—Fraud, accident or mistake—Pleading—Agreement—Proof.*

1. Where admittedly the whole of an agreement is not in writing, either party may produce parol or written evidence as to the matter thus resting in parol.

2. In a suit upon a written instrument one party thereto may defend upon the ground that he was induced to sign it by reason of a promise which the other made and, in the suit, now attempts to repudiate.

3. In such a case it need not be averred or proved that the inducing promise was omitted from the writing by fraud, accident or mistake.

Argued October 16, 1919. Appeal, No. 81, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., July T., 1917, No. 1426, on verdict for plaintiff in case of Mary A. Kerr v. Samuel R. McClure. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Interpleader to determine ownership of fund paid into court. Before WASSON, J.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were admission of evidence, in refusing binding instructions and judgment for defendant n. o. v.

*Wm. C. Jacob,* with him *Mead J. Mulvihill* and *James L. Adams,* for appellant, cited: Lowry v. Roy, 238 Pa. 9;

General M. T. Co. v. Phila. Pav. Co., 248 Pa. 499; Williams v. Notopolus, 259 Pa. 469; Dusenberry v. Mut. L. Ins. Co. of N. Y., 188 Pa. 454.

*Albert Barnes Smith,* with him *L. K. & S. G. Porter,* for appellee, cited: Bartley v. Phillips, 165 Pa. 325.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1920:

Defendant was a creditor of plaintiff's husband, whose life was insured in the Connecticut Mutual Life Insurance Company by three policies aggregating $7,500. The policies were in favor of plaintiff but had been assigned by her to defendant "In consideration of One Dollar or as his interest may appear." After the death of the husband plaintiff claimed a portion of the fund and defendant claimed the whole of it, an interpleader was asked for and the court ordered the amount not in dispute to be paid to defendant, the balance paid into court, and an issue framed to determine who was entitled to it.

At the trial plaintiff and her witnesses testified defendant came to the home of her husband and herself while the husband was extremely ill, and urged him to have the policies transferred to defendant. Her husband asked her to do it, she at first refused, but upon defendant's promise to pay her $2,700 thereout if she did, she consented to do so, and an assignment was made as above set forth. When the facts stated were offered to be proved defendant objected because the offer did not aver that anything was omitted from the assignment by fraud, accident or mistake. The court overruled the objection and admitted the evidence. The jury found a verdict in favor of plaintiff and defendant appealed to this court, assigning as error the admission of the evidence despite his objection as above stated, the refusal of his point for binding instructions, and the dismissal of his motion for judgment non obstante veredicto.

Defendant himself testified that the assignment of the policies to him was not an absolute one, but as collateral security for his existing claim against the husband, and for such other payments as he might thereafter make to the husband or to keep the policies alive. The whole of the agreement, therefore, not being set forth in the writing, either party had the right to show what the true facts were regarding the matter thus resting in parol: Federal Sales Co. v. Farrell, 264 Pa. 149, 153. Moreover, in a suit based upon a writing, the law will not permit one of the parties to repudiate a promise by means of which he induced the other party to execute it, nor force the latter to a separate suit on the promise, unless it cannot be enforced in the pending action: Gandy v. Weckerly, 220 Pa. 285; Noel v. Kessler, 252 Pa. 244.

The judgment of the court below is affirmed.