# Electric City Motors, Inc., *v.* Ross, Appellant.

*Replevin—Automobiles—Bailment lease—Right of repossession —Assignment of lease—Right of assignor.*

One who assigns a bailment lease as collateral security, retains the right of action under the lease to recover the property from a third person whose rights are admittedly inferior to those of the assignor.

The legal effect of the assignment of a bailment is a pledging of a chose in action as collateral security. It is well settled upon a contract of pledge, the general property in the thing pledged remains in the pledgor and only special property vests in the pledgee, and the latter acquires no interest in the property except as a security for his debt. An assignment that is made as collateral security for a debt, gives the assignee only a qualified interest in the assigned chose, commensurate with the debt or liability secured, although the assignment is absolute on its face.

Although the fact that as against the owner, another has the right of possession bars the owner from maintaining replevin against such person, it does not preclude him from maintaining replevin against a third person not entitled to possession.

Argued October 24, 1927. Appeal No. 25, October T., 1927, by defendant from judgment of C. P., Wyoming County, June T., 1924, No. 57, in the case of Electric City Motors, Inc. v. L. W. Ross. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Replevin for automobile. Before TERRY, P. J.

The facts are stated in the opinion of the Superior Court and report of former appeal in 87 Pa. Superior Court 327.

On the second trial of the case, both parties agreed upon the facts, upon which the court entered judgment in favor of the plaintiff. Defendant appealed.

*Error assigned* was the judgment of the court.

*Reese H. Harris,* of *Knapp, O'Malley, Hill & Harris,* and with him *E. B. Farr* and *Lee T. Stark,* for appellant.

*H. W. Mumford,* and with him *O. Smith Kinner,* for appellee.

OPINION BY GAWTHROP, J., March 2, 1928:

This is an action in replevin. At the first trial the court below directed a verdict for the defendant and subsequently granted a new trial on the ground that some questions of fact were involved. After we affirmed the order granting a new trial (87 Pa. Superior Ct. 327) and the record was remitted to the court below, the case came before that court on the pleadings and an agreed statement of facts. It was stipulated that if plaintiff was entitled to recover upon the agreed facts, judgment should be entered for it, but if it was not, that then judgment should be entered in favor of defendant for $1,200, with interest from June 2, 1924. The right of appeal was reserved. This appeal is from a judgment entered for the plaintiff.

The following is a summary of the material facts stipulated: On August 3, 1923, the plaintiff was the owner of a certain Jordan automobile, which is the subject of the writ of replevin issued in this case. On that day, by a written instrument constituting a bailment, it leased the automobile to one Taylor for the term of eight months from the date thereof for a rental of $1,860, $1,060 of which was paid by Taylor at the time of the execution of the lease and the delivery of the automobile to him. The lease provided that the balance of $800 should be paid in eight monthly installments of $100 each, payable on the third day of each month following the date of the lease. At the same time Taylor gave the plaintiff a promissory note for the amount of the rent reserved. The lease provided further for the retaking of possession of the automobile by the plaintiff and the forfeiture of the rights of Taylor therein upon his failure to make the stipulated payments of rent. On the same day the plaintiff endorsed the note and had it discounted at

a bank in Scranton, Pennsylvania, and assigned the lease to said bank as collateral security for the note. The form of the assignment does not appear. In May, 1924, a writ of fieri facias issued out of the court below against Taylor, under which the sheriff duly levied upon and sold and delivered possession of said automobile to the defendant in the present suit. At the time of the issuance of said writ Taylor was in default in his payments of rent under the lease. When the sheriff offered the automobile for sale, public notice was given to all bidders that the plaintiff herein claimed title thereto. On June 2, 1924, the writ of replevin in this suit issued and the automobile was seized thereunder by the sheriff and taken from the possession of the defendant and delivered to the plaintiff. On June 9, 1924, the plaintiff obtained possession of the lease and note from the bank and all rights of the bank in respect to said note and lease ceased on that date.

In our view the disposition of this appeal turns upon the following question of law: Did the plaintiff, on the date of the institution of the suit, have a present right of possession of the automobile as against the defendant? It is unquestioned that it did unless the assignment and delivery of the lease to the bank as collateral security for the payment of the note deprived it of that right. The assignment was in legal effect a pledging of the chose in action as collateral security for the payment of the note. It is well settled that upon a contract of pledge the general property in the thing pledged remains in the pledgor and only a special property vests in the pledgee and the latter acquires no interest in the property except as security for his debt. See Collins' Appeal, 107 Pa. 590, 605; 21 R. C. L. 649; 11 C. J. 402. "An assignment that is made as collateral security for a debt gives the assignee only a qualified interest in the assigned chose, commensurate with the debt or liability secured, although the assign-

ment is absolute on its face'': 5 C. J. 956. It is generally held that whatever special interest or estate in the pledge is necessary to enable the pledgee to exercise the rights guaranteed to him will vest in him and he is entitled to maintain any action for the protection of his possession and special rights of property, not only against third persons who wrongfully interfere with the same, but also against the obligor: 21 R. C. L. 663. But even though it be conceded that the assignment vested the bank with the right not only to receive from the lessee the payments due under the lease but also to take possession of the car if the lessee failed to pay the installments when due and to exercise all of the rights which the lessor acquired under the lease, the interest of the lessor in the chose, as well as its general property in the automobile, continued. The assignment did not divest the plaintiff of its ownership of the automobile or of its right to re-possess itself of it on default of the lessee, at least in the absence of any action by the bank in assertion of its rights under the lease. The bank was not bound to assert its rights under the lease, and if it failed to do so the owner was not debarred from taking possession of it. The general property therein which remained in it as pledgor justified its bringing its own action in replevin as against any person except the pledgee or one claiming under it. The general rule is stated thus in 34 Cyc. 1390: ''Although the fact that as against the owner another has the right to possession bars the owner from maintaining replevin against such person, it does not preclude him from maintaining replevin against a third person not entitled to possession.'' In Neff v. Thompson & Ide, 8 Barbour (N. Y.) 213, it was held that the fact that a person has a lien upon sheep for their keeping will not bar an action of replevin by the owner against the third person. And in 2 Saunders Reps. 47 (b), it was said: ''In like manner a man who has delivered goods to a carrier or other bailee, and

so parted with the actual possession, may maintain trover for a conversion by a stranger, for the owner has still possession in law against a wrongdoer.'' The plaintiff was the owner of the legal title to the car and was entitled to its possession against everybody except the bank and those claiming under it. By assigning the bailment lease as collateral security, the plaintiff did not lose its right to protect its ownership and right of possession; neither the bank nor any person claiming under it is questioning its right. While replevin cannot be maintained without showing a right of immediate possession in addition to a special or general property in the plaintiff, the term ''immediate possession'' found in familiar decisions of our Supreme Court means immediate possession as against the defendant and not as against the whole world. If the plaintiff could replevy the automobile from its lessee, the defendant in the execution, it could do so against this appellant, the purchaser at the sheriff's sale thereunder, (Ferguson v. Lauterstein, 160 Pa. 427), whose rights are admittedly inferior to the plaintiff's. After full consideration we are satisfied that the court below was right in entering judgment for the plaintiff.

The judgment is affirmed.