Seip et ux., Appellants, *v.* Laubach et al.

226

Argued April 12, 1938; reargued December 2, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Russell C. Mauch,* with him *Milton J. Goodman,* for appellants.

*Francis Johns Gafford,* with him *Calvin F. Smith* and *Edgar C. Nagle,* for appellees.

*James McMullen,* with him *Drinker, Biddle & Reath,* for amicus curiæ.

OPINION BY MR. JUSTICE DREW, January 26, 1939:

On May 29, 1929, Howard H. Laubach, the defendant, borrowed $8,000 from Thomas H. Seip and Jennie S. Seip, the plaintiffs, and gave his judgment note for that amount. In 1932 judgment was entered on the note and an attachment execution was issued on March 30, 1936, against the Cement National Bank and against Howard H. Laubach individually and as executor of his father's estate. At the time this attachment issued defendant was indebted to the bank in the sum of $33,227 ($25,875 as maker and $7,352 as endorser of various notes). Originally the bank held as security for this indebtedness numerous notes and mortgages totaling $39,445, four $10,000 life insurance policies, and an assignment by defendant of his interest in his father's estate. At various times before the attachment, notes and mortgages totaling $28,870 and the four life insurance policies were returned as of no value to defendant, leaving as collateral in the hands of the bank notes and mortgages of a face value of $10,575 and the interest in the estate.

The bank in its answer to the interrogatories filed by plaintiffs set forth the debt owed it by defendant for which it held the above collateral but denied that it possessed any property belonging to defendant or that it owed any debt to him. At the trial on the issues raised by the interrogatories and answers, the court below directed a verdict for the defendant and the garnishees. This action was sustained by the court en banc and judgment was entered accordingly. From the judgment plaintiffs appealed.

The first question raised is whether the assignment by defendant of his interest in his father's estate was fraudulent. At the trial plaintiffs failed to prove any fraud in the transfer. The evidence merely established that the assignment was made as further security to the bank and that at the time defendant was insolvent. In the absence of actual fraud a debtor, even though insolvent, may properly assign assets to a creditor as security for

an antecedent debt although the effect will be to prefer that creditor: *Penn Plate Glass Co. v. Jones,* 189 Pa. 290. In *Schimmel v. Cohen,* 275 Pa. 117, where the defendant was insolvent at the time of the transfer of property to a creditor, this court said (p. 121): "However, a man may prefer one creditor over another if he sees fit to do so and the mere fact of such preference will not invalidate the transaction in the absence of an allegation and proof of fraud." Since, as the evidence discloses, the interest of defendant in his father's estate would not likely exceed $9,000, the transfer of additional security in that amount was not enough to make the total collateral held by the bank sufficient security for the debt due.

The real question raised is whether there is any interest of defendant subject to attachment execution. We have held, interpreting the Act of June 16, 1836, P. L. 755, that a mortgage held by another as security for a debt is not subject to attachment execution unless the mortgagor is summoned as garnishee; that the mortgage is a mere chose in action secured by land, and in order to effect an attachment "the defendant's debtor, and not the person who holds the evidence of indebtedness must be the garnishee": *Taylor v. Huey,* 166 Pa. 518. The same principle applies to notes and other choses in action: *Raiguel v. McConnell,* 25 Pa. 362; *Gilmore v. Carnahan,* 81* Pa. 217; *Adkins v. Poth,* 286 Pa. 555. In this proceeding the obligors on the mortgages and notes were not made garnishees, and therefore the attachment as regards the mortgages and notes was of no effect.

It is argued, however, that this principle is not applicable here, for the reason that the thing attached is not the debt due from the obligor but rather the interest of defendant in the pledged security, called the equity of redemption. We think this position unsound. It is true that the pledgor is entitled to the return of the property upon satisfaction of the debt for which it is pledged, or to the return of any surplus realized from its sale to pay

the obligation. But we find no warrant for holding effective an attachment against such an interest when the thing itself, the mortgage or note, cannot be attached because the defendant's debtor was not made a garnishee. There is nothing in the Act of 1836 to indicate the contrary. The act, being in derogation of the common law, must be strictly construed: *Williams v. Ricca,* 324 Pa. 33.

*Eagle v. Kunkle,* 278 Pa. 190, cited by plaintiffs, is of no help here. In that case the machinery pledged could be levied upon under the Act of 1836, and for that reason the pledgor's right of redemption was subject to attachment. In this case the mortgages and notes cannot be reached and, therefore, pledgor's interest or equity in them cannot be attached. In neither case is the pledgor's interest separate and distinct from the property itself.

The remaining property held by the bank consists of the assignment by defendant of his interest in his father's estate. The record shows that Howard H. Laubach was served as garnishee in his own right, and as executor of Alfred P. Laubach. The assignment is absolute on its face, but the record clearly shows that it was intended only as additional security for the debt due. It gave "the assignee only a qualified interest in the assigned chose, commensurate with the debt or liability secured, although the assignment is absolute on its face": *Electric City Motors, Inc., v. Ross,* 92 Pa. Superior Ct. 463, 465; *Leighton v. House & Morgan,* 15 Pa. Dist. Rep. 684. The Act of July 27, 1842, P. L. 436, provides for a foreign attachment of property inherited "in the hands or possession of the executor or administrator, or in whose hands or possession soever, the same may be as fully and effectually as in other cases. . . ." The Act of April 13, 1843, P. L. 233, provides that the interests made subject to foreign attachment by the Act of 1842, supra, are rendered liable to attachment execution in the manner allowed by section 22 of the Act of June

16, 1836, supra. This section provides that "debts due . . . shall be liable to execution, like other goods or chattels . . .," and section 35 provides that goods and chattels when pledged may be attached and levied upon. This indicates that defendant's equity of redemption in the pledged interest in the estate is subject to attachment. The Act of April 10, 1849, P. L. 619, provides that the attachment may issue at any time after the interest shall have accrued by reason of the death of the decedent. The rights of the pledgee must, of course, be protected and only the pledgor's interest can be reached by the attaching creditor.

Although defendant's debt due the bank may appear to be greater than the collateral held by the latter, we cannot say that defendant's equity of redemption is worthless, for the value of the stocks and other property forming a part of the estate may increase so as to render defendant's interest therein of real value. In these circumstances his equity is subject to attachment. The contention of defendant that it would be impossible for a jury to value his interest in the estate at the present time is of no consequence. The provisions of the Act of June 13, 1836, P. L. 568, requiring the jury to find what goods or effects are in the hands of the garnishee at the time of the attachment and the value thereof are "inapplicable to attachments under the Acts of 1842 and 1843 upon legacies, distributive shares and other interests in the unsettled estates of decedents": *Bouslough v. Bouslough*, 68 Pa. 495, 499; *Butler County National Bank v. MacMullen*, 292 Pa. 556.

It was, therefore, proper for the court below to direct a verdict in favor of defendant and garnishees in so far as the mortgages and notes were concerned. As to the interest in the estate, however, judgment should have been entered against the garnishees to be levied on the interest of defendant in the estate of his father, subject to all the rights and interests of the pledgee bank.

Judgment reversed and case remitted to the court below for the entry of a judgment in accordance with this opinion.