## Fortna *v.* Commonwealth Trust Company, Appellant.

Argued January 7, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Mark T. Milnor,* for appellant.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, January 31, 1941:

This is an appeal from the judgment of the court below in favor of appellee in the sum of $5,248.00 and ordering appellant to return a certain bond and mortgage to her.

The action is assumpsit on a written contract, dated February 2, 1914. Appellee deposited with appellant Trust Company the sum of $13,800.00 in trust for the uses and purposes named in the agreement. By its terms appellant agreed to "repay the principal sum" of $13,800.00 on six months' written notice. It was provided that "any increase which may be earned or made by said Trustee in the amount of said principal sum, through the investment thereof, shall belong to it and be retained by it upon the termination of the said trust, in consideration of its liability for any losses sustained in such investment." By supplemental writing, appellant guaranteed "the repayment of the said principal sum of Thirteen Thousand Eight Hundred Dollars ($13,800.00), upon the termination of the contract, as hereinbefore provided."

On July 10, 1928, appellee consented to the investment of $8,000.00 of the funds in a first mortgage to be given by her son and relieved appellant of its guarantee in the original agreement to the extent of the face amount of this mortgage. On November 9, 1939, she gave written notice of her intention to withdraw in cash the principal sum of $5,800.00. Appellant replied in writing, disclaiming any liability for the sum of $5,800.00 in cash on the ground that it was in the process of liquidation. It, however, offered to terminate the trust, to deliver to appellee her son's bond and mortgage, and certificates of participation of the Capital Bank and Trust Company, Trustee, representing the investment of the fund in other mortgages, and deficiency participation certificates, issued by the Liquidating Trustee of appellant, covering any deficiency which may appear upon the liquidation of the mortgages. This offer was refused and suit was instituted on December 8, 1939.

Appellant contends that the court below erred in entering judgment for appellee, because (1) suit was prematurely instituted as no sixty days' notice was given by the appellee to terminate the trust, (2) the trustee being in the process of liquidation and the ap-

pellee having demanded the repayment of a part of the trust in cash and part in kind must now accept the entire principal sum in kind, and (3) the language of the trust agreement does not require the appellant to repay the principal sum in cash, particularly since the appellant is now in the process of liquidation.

Appellee had the right to receive the amount originally deposited with appellant in cash, less the sum of $8,000.00, being the face amount of the bond and mortgage executed by her son to the extent of which she relieved appellant of its obligation: *Roberts's Trust Est.,* 316 Pa. 545, 175 A. 869; *Cunningham's Est.,* 328 Pa. 107, 195 A. 130. That appellant was forced to liquidate its affairs cannot affect its obligation. The fact that appellee demanded in addition to the $5,800.00 in cash, the return of the bond and mortgage executed by her son, is no reason for relieving appellant of its obligation to pay part in cash.

The letter of appellant in response to appellee's letter of November 9, 1939, evidenced clearly that it would not and could not perform its obligation under the agreement and pay the $5,800.00 in cash. Such being the case, the six months' notice provision provided for in the agreement was a useless thing and appellee had the right to institute suit forthwith. It was, therefore, unnecessary for her to give the notice: *Hocking v. Hamilton,* 158 Pa. 107, 27 A. 836; *Jones v. Sowers,* 204 Pa. 329, 54 A. 169; *Fedas v. Ins. Co. of State of Penna.,* 300 Pa. 555, 151 A. 285; Restatement, Contracts, Sec. 306.

The court below, however, erred in entering the general judgment which it did. The effect of the judgment as entered is to award appellee a preference in the distribution of appellant's assets. This is improper. To the extent of the $5,800.00, the appellee is only a common creditor and as such is not entitled to a preference in distribution. The judgment is no more than an adjudication of the amount of the appellee's claim. It cannot be considered a lien against any of the real estate

now held in the name of the appellant or the liquidating trustees. The court below at the time of entering the judgment should have so restricted its operation: *Davis v. Commonwealth Trust Co.*, 335 Pa. 387, 7 A. 2d 3.

Furthermore, the portion of the judgment ordering appellant to return the $8,000.00 bond and mortgage is unwarranted. The action is assumpsit to recover a money judgment. The court below had no power to order a return of the bond and mortgage.

The court below will modify the judgment in accordance with this opinion.