**ART METAL CONST. CO., for Use of McCLOSKEY & CO., Inc., v. LEHIGH STRUCTURAL STEEL CO.**

No. 7833.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 2, 1941.

Decided Jan. 9, 1942.

Rehearing Denied Feb. 10, 1942.

Edward J. Mingey, of Philadelphia, Pa. (Edward P. Smith, of Philadelphia, Pa., on the brief), for appellant.

Charles H. Weidner, of Reading, Pa. (Stevens & Lee, of Reading, Pa., on the brief), for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

The law suit between these parties has previously been before this court and the decision is reported in 3 Cir., 1940, 116 F.2d 57, where the relevant facts are set out. At the time the case was here before

it was on the pleadings only and we held that the plaintiff stated a cause of action against the defendant. The cause of action thus stated was the plaintiff's right to go against the assignee of a bilateral contract between the Bauman Company and Lehigh, the defendant herein, upon the theory that the assignment imposed upon the assignee the burden as well as conferred upon him the benefits of the contract.

The case then went back for trial upon the facts. The theory of the defense was that the assignment made by Bauman, as assignor, to Lehigh, defendant here, as assignee, was not absolute but was for collateral security only, to Lehigh to insure performance by Bauman of the latter's contract with it. This was found as a fact by the trial court. It was further found as a fact that the defendant completed all the work required under its contract with Bauman prior to February 2, 1933 on which date the affairs of the two companies concerning this contract were concluded; further, that the plaintiff had no knowledge of the assignment until October, 1934. Judgment was given for the defendant at the conclusion of the trial below. Plaintiff again appeals.

■ With regard to the showing that the assignment was intended by the assignor and the assignee to be collateral security only and not absolute, the plaintiff makes two points. The first is that the evidence does not support the learned trial judge's conclusion upon the facts. This point requires no discussion. Rule 52(a), of the Rules of Civil Procedure 28 U.S. C.A. following section 723c, provides: "* * * Findings of fact shall not be set aside unless clearly erroneous * * *." The trial judge had before him both the direct testimony of intention concerning the assignment and the circumstantial evidence of how they regarded it shown in the subsequent conduct of the parties concerned. There is adequate support for the fact conclusion arrived at by the trial judge.

■ The plaintiff's second point is one of law. He contends that the receipt of evidence showing that the assignment, absolute in form, was for collateral security only violates the parol evidence rule and is, therefore, incompetent. The broad question of when parol testimony may be received to vary the terms of a writing is not before us. The sole question here is whether, in conformity with the Pennsylvania decisions, evidence may be received to show that an assignment, unqualified in terms, was made for collateral security only.

While there is some confusion on the subject the view generally held is that such evidence is admissible. Thus Williston says: "Frequently an assignment in terms absolute is intended to operate merely as security for a debt, and this may be shown by parol."[1] See also 9 Wigmore on Evidence, 3d Ed., § 2437; 20 Am.Jur. § 1146. Wigmore indicates that there is some difference of opinion concerning the theory upon which the prevailing view rests. His view is that the act of transfer and the user of the property transferred are distinct legal ideas, like the fact of transfer of an interest in land, and the quantum of the estate conveyed. "The simple question is, then, whether the parties * * * appear to have intended the document to cover merely the kind of estate transferred, or to cover all possible aspects of the transfer, including that of the quality of the estate, i. e., its subjection to an equity of redemption. * * *"

■ Phrased in different words, but entirely consistent with the analysis given by Wigmore, is the test enunciated by the Supreme Court of Pennsylvania in Bryant v. Bryant, 1929, 295 Pa. 146, 153, 144 A. 904, 907: "The test, to determine whether an alleged parol agreement, by which it is proposed to modify the expressed understanding, comes within the field embraced by the writing, is to compare the two and determine whether parties, situated as were the ones to the contract, would naturally and normally include the one in the other, if it were made."

■ Directly in point is the Pennsylvania case of Fryer v. Rishel, 1878, 1 Walk. 470, holding that it may be shown by parol evidence that an instrument absolute on its face was intended merely as security for payment of a debt. Relevant, also are Kerr v. McClure, 1920, 266 Pa. 103, 109 A. 600 and Howell v. Wheelock, 1934, 115 Pa.Super. 599, 176 A. 252, the latter decision analyzing and discussing the

---

[1] 2 Williston on Contracts, Rev.Ed., § 431.

language of other Pennsylvania decisions in which rather broad language was used.

We conclude that the rule in Pennsylvania does not preclude in this case the showing of what was found to be the fact, that the assignment by Bauman to Lehigh was for collateral security only. This being so, it follows, as the learned court below held, that the plaintiff's case against this defendant falls and judgment was correctly entered for the defendant.

 The result is clinched by a consideration of the plaintiff's claim from a somewhat different angle. At most the plaintiff here was a creditor beneficiary[2] of the agreement between Bauman and Lehigh. It was found as a fact that prior to the time when the plaintiff knew anythink about the assignment on which his rights depend Bauman and Lehigh had concluded their affairs concerning this contract. While it was not found expressly that there was a formal reassignment to Bauman by Lehigh it does appear as a finding that the plaintiff neither brought suit on the assignment nor otherwise materially changed his position in reliance thereon before all rights and duties under the assignment were fully discharged by performance. It appears also, in the evidence, that this very Bauman-McCloskey contract was, itself, assigned to this plaintiff on January 28, 1933, which surely goes to show that the parties to the first assignment considered it a closed transaction. The rule with regard to the rights of a creditor beneficiary is stated in the Restatement of Contracts, § 143.[3] The facts found in this case negative the existence of the factors which condition the operation of the general rule there stated. Nor are there Pennsylvania cases to the contrary. Even if the plaintiff had had rights against Lehigh under the original assignment they would have been lost by the conclusion of business between Bauman and Lehigh regarding this construction project before any change of position by the plaintiff as creditor beneficiary.

The judgment of the District Court is affirmed.

---

[2] See Restatement, Contracts § 133(b) for definition of creditor beneficiary.

[3] "A discharge of the promisor by the promisee in a contract or a variation thereof by them is effective against a creditor beneficiary if,

"(a) the creditor beneficiary does not bring suit upon the promise or otherwise materially change his position in reliance thereon before he knows of the discharge or variation, and

"(b) the promisee's action is not a fraud on creditors."