Hirsh, Appellant, *v.* John F. O'Neill Company.

Argued October 7, 1942.

20

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Morris M. Wexler,* of *Wexler & Weisman,* for appellant.

*Samuel I. Sacks,* with him *Abraham P. Piwosky,* of *Sacks & Piwosky,* for appellee.

OPINION BY BALDRIGE, J., November 18, 1942:

This appeal is from the refusal of the court below to enter judgment for the plaintiff on the pleadings.

The plaintiff on March 20, 1942, brought a suit upon a book account to recover under an amended statement of claim $864.38 for certain merchandise sold and delivered to the defendant. John F. O'Neill, president of the defendant corporation, filed an affidavit of defense in which he averred generally that there was a complete and legal defense to the whole of plaintiff's claim, which included the following statement: "However, for the reasons contained in the New Matter set out hereinafter, defendant believes it is unnecessary to answer the averments of the Statement of Claim, and expressly reserves the right to file said Answer in a supplemental Affidavit of Defense, should it be subsequently deemed necessary."

Under the heading of "New Matter" there was no denial that there was owing the amount the plaintiff claims. There were averments that due to present conditions the defendant was unable to continue business, of a meeting of the principal creditors being held Febru-

ary 7, 1942, and of an unsuccessful effort made by O'Neill to notify the plaintiff by long distance telephone of this meeting. At the meeting O'Neill presented to the creditors the defendant's financial condition and it was decided by those present to wind up the business and liquidate the assets. A committee appointed for that purpose notified the 91 creditors of the action taken and all of them, except the plaintiff, agreed to such a plan. Regular meetings of the committee, which some of the creditors attended, were held thereafter. At a meeting held February 25, 1942, Alexander B. Adelman, Esq., attorney for the plaintiff, was present and he was given all information requested. Three payments of 15% each were made to the creditors including the plaintiff. Two of them were made before the plaintiff's statement was filed. On March 15, 1942, the committee sent to the creditors a letter marked Exhibit "B," attached to the affidavit of defense, reporting the progress it was making and soliciting their cooperation, wherein it was stated: "There are no suits or legal actions pending, nor does the Committee expect any, judging from the contacts it has had with many of the creditors." Finally the defendant corporation asks the plaintiff's claim be dismissed and it be adjudged that he received the same proportionate share as the other creditors of the defendant corporation.

Plaintiff was not a party to the formation of a committee, the plan it conceived, nor did he participate therein other than have his attorney attend one of the meetings after the plan had been formed. He was not precluded, therefore, by any action taken by the committee. Concededly he received three checks of the defendant corporation as payments on account of its indebtedness to him. The last payment was made after suit was brought, which was a recognition not only that the indebtedness existed but the amount thereof. There is no statutory basis for the procedure resorted to by the committee, voluntarily liquidating the defendant's

business. The plaintiff's action may result in his obtaining a preference and it may postpone the payment of some other creditors or disarrange a plan to make an equal distribution of assets, but that does not defeat his right to obtain a judgment. There is no legal objection to his endeavoring to protect himself; that is not improper advantage which can be considered fraudulent: *Shibler v. Hartley,* 201 Pa. 286, 50 A. 2d 950; *Seip et. ux. v. Laubach et al.,* 333 Pa. 225, 4 A. 2d 149; *Peoples Pittsburgh Trust Company v. Holy Family Polish National Catholic Church,* 341 Pa. 390, 19 A. 2d 360. It is not averred, nor does it appear, that the defendant is in fact insolvent or that a bankruptcy proceeding in a federal court, or a receivership under a court of competent jurisdiction, was pending or threatened. The president of the defendant corporation is a member of the creditors' committee and is in control of defendant's business. The committee is simply acting in an advisory capacity.

The defendant relies principally on *Fortna v. Commonwealth Trust Company,* 341 Pa. 138, 19 A. 2d 57, where the court held that the effect of a judgment was to award appellee preference in the distribution of the appellant's estate which was improper as he was but a common creditor and not entitled to greater rights than other creditors in the distribution of the assets. That decision followed *Davis v. Commonwealth Trust Company et al.,* 335 Pa. 387, 7 A. 2d 3, which involved the same trust company and shows that it was in liquidation under statutory procedure of the Act of May 4, 1933, P. L. 271, No. 95, as supplemented by the Act of May 26, 1937, P. L. 886, §1, 7 PS §490.

There are no issues of fact raised in the pleadings to submit to a jury. There is no denial of the debt due and owing nor is there any other defense set up that bars plaintiff's right to a judgment. The plaintiff was en-

titled to have his rule for a judgment under the pleadings made absolute.

The order of the court below is reversed and judgment is now directed to be entered for the plaintiff.