## Merritt Lumber Co. v. Erney

*Snyder, Wert & Wilcox,* for plaintiff.
*John F. Stine,* for defendant.

HENNINGER, P. J., December 6, 1948.—On August 26, 1946, plaintiff instituted this action in domestic attachment and directed the Sheriff of Lehigh County to attach the interest of Charles E. Erney, Jr., in the estate of Charles E. Erney, Sr., to wit: (a) Premises no. 615 South Pike Street, Salisbury Township, Lehigh County, Pa.; (b) balance due on tavern sold January 27, 1946; (c) checking account of estate of Charles E. Erney, Sr., at Allentown National Bank, and (d) 1940 Buick, belonging to defendant. The sheriff could not locate either defendant or his automobile, but served the executrix of the will of Charles E. Erney, Sr., and the cashier of the depository of the estate.

The executrix of the will and the widow of decedent filed a motion to quash the writ on the grounds: (1) Failure to set forth a cause of action in that domestic attachment does not lie against the estate of a decedent; (2) Charles E. Erney, Jr., has no interest in the estate, since the will gives a fee to the widow, and (3) furthermore, the children of decedent, including defendant, have renounced any benefit under the will.

The will in question bequeaths and devises all decedent's property "unto Amanda L. Erney, my wife . . . to dispose of same as she sees fit. However, if she would be married, estate must be settled according to law." The will later provides, inter alia: "After my wife's death . . . all real estate, personal property shall be divided share and share alike, to Charles E.

Erney, Jr., and Ruth C. Kemmerer, son and daughter." The son and daughter are appointed executor and executrix respectively. On September 14, 1948, defendant and his wife and his sister and her husband executed and recorded a paper in which for the consideration of $1 paid by their mother, they renounce and refused to accept any benefits under their father's will.

It is a valid reason to quash a writ of domestic attachment if there is no property which can be attached: Penna. R. R. v. Pennock, 51 Pa. 244, 250; Mindlin et al. v. Saxony Spinning Co. et al., 261 Pa. 354, 356; Atkins v. Canadian SKF Co. et al., 353 Pa. 312, 314. In this case there were three types of property sought to be attached: (1) the automobile, belonging to defendant; (2) personal assets of the estate of Charles E. Erney, Sr., and (3) real estate belonging to the estate of Charles E. Erney, Sr.

The automobile was not found and therefore cannot support the writ. As to the executors or administrators, no creditor of a beneficiary of an estate can attach any assets of the estate but may attach only the ultimate distributable share of the beneficiary. In any event, therefore, the writ would have to be dissolved insofar as it relates to any assets themselves in the hands of the executrix or of her depository, the Allentown National Bank.

The Act of July 27, 1842, P. L. 436, sec. 2, 12 PS §2899, relating to foreign attachments, provides in relation to attachments against executors or administrators:

"Provided however, that nothing in this act shall be construed to confer on the plaintiff in such action, any greater rights or benefits than the debtor would have been entitled to, but the same rights which the debtor has, and no more is hereby conferred on the attaching creditor."

Since no legatee, and certainly not a legatee with a remainder interest only, can get into his possession any specific assets of the estate, clearly the attaching creditor cannot.

Furthermore, domestic attachment does not lie against executors or administrators. This was the general common-law rule for all attachments. See 10 Standard Pa. Practice 251; Shewell v. Keen et al., 2 Wharton 332, 338; Barnett et al. v. Weaver et al., 2 Wharton 418, 419. While these cases are no longer law because the Act of July 27, 1842, P. L. 436, 12 PS §2897-9, expressly made legacies and devises so subject in foreign attachment, and later the Act of April 13, 1843, P. L. 233, secs. 10 and 11, 12 PS §2269-70, extended to attachment execution the rights and procedures available to foreign attachment, their principles remain valid for domestic attachment.

Counsel has not brought to our attention, nor have we been able to find any statute extending to domestic attachment, the remedies available in either foreign attachment or in an attachment execution and, therefore, so far as domestic attachment is concerned the common-law restriction against attachment against an executor or administrator still applies.

This leaves open the levy upon the real estate itself, which poses several problems. First, had Charles E. Erney, Jr., a vested interest in the real estate under the will of Charles E. Erney, Sr. Second, did his renunciation of benefits under the will divest him of any such devise. Third, is his interest subject to attachment?

The first proposition is ruled by Byrne's Estate, 320 Pa. 513, at page 514, in which the first clause devised the estate to a sister absolutely and the next one devised the same, "should any part of my estate remain", to a niece. The Supreme Court held that there was a

life estate, with power of consumption in the first taker, with a vested remainder in the niece.

All of garnishee's arguments are answered in the opinion of Justice Drew in Byrne's Estate, supra. It is true that the devise to the widow, if it stood alone, would have given her a fee simple estate. But the words did not stand alone and in Stanton et al. v. Guest et al., 285 Pa. 460, even words of inheritance did not give the first taker a fee when accompanying clauses showed that but a life estate was intended.

The interest of Charles E. Erney, Jr., in the estate of his father is a vested remainder, subject to a life estate in his mother, coupled with a power to consume. The fact that there may be nothing left for him to enjoy does not prevent his estate from vesting immediately: Endsley v. Hagey et al., 301 Pa. 158, 163; Riverside Trust Co. v. Twitchell et al., 342 Pa. 558, 564.

It is our opinion that the renunciation has no effect upon this case. The rights of the widow under the will must be determined by the will as written and a later renunciation by a remainderman will not affect the title of the first taker. Both cases cited by garnishees provide that when a legatee or devisee renounces his gift, it goes into the residuary estate: Wonstetter v. Wonstetter, 23 Pa. Superior Ct. 321, 325; Tarr v. Robinson, 158 Pa. 60. It follows that when all residuary devisees renounce, there must be an intestacy as to the renounced devises, in which case defendant would immediately become an heir, subject to his mother's life estate, with power to consume. So far as our case is concerned, therefore, the renunciation simply beclouds, but does not decide the issue.

Since the attachment binds defendant's vested remainder in the real estate, we cannot quash the writ for lack of attachable property. We are not now concerned with the question of the value of defendant's

interest which may become valueless should the widow exercise her right to dispose of the property. Nor can we interfere with that right which transcends any interest of defendant's and, therefore, of his attaching creditor in the property. See Seip v. Laubach, 333 Pa. 225, 230.