This is an appeal from a final decree of a court of common pleas, in equity, dismissing a bill by a divorced husband (plaintiff) against his wife and her inter vivos trustee (defendants), seeking to have plaintiff's assignment of his contingent interest in his father's estate, absolute on its face, declared to be merely collateral security for a loan.
Winthrop Lee Biddle, plaintiff, and his wife, Mary V. Biddle, a defendant, were married April 21, 1920. They have two children: Edward, born in 1921 and Dorothy, born in 1928. The husband and wife lived together until 1941, when they were divorced.
The wife inherited an estate from her deceased mother. On June 20, 1931 she made a deed of trust to the Provident Trust Company, whereunder she transferred certain securities in trust to pay her the net income for life with remainder as she should appoint by will; on failure to appoint, the corpus passed to her husband (plaintiff) and their children (or their issue). By the fourth clause of the deed she was enabled to add additional assets to the trust. Under the seventh clause she reserved the right to revoke or amend the deed to the extent of $10,000. While neither the book nor actual value of the trust assets appear in the evidence, an examination of the schedule of assets attached to the deed discloses an estate of comparatively modest dimensions.
The husband had a one-third contingent interest under the will of his deceased father. The contingency was that plaintiff should survive his mother in order to take. The mother was living at the date of the assignment. According to the finding of the trial judge, the *Page 428 
book value of the contingent interest of plaintiff in his father's estate in 1937 was $34,000; with an actual value between $11,333 and $20,063, and its then immediate sale value, as a contingent interest, "worth much less".
In late December 1936 and early January 1937, unpaid bills owed by plaintiff amounted to $1,500. He attempted to borrow this sum from money lenders, upon the collateral security of his contingent interest in his father's estate. His efforts proved unsuccessful. In January, 1937, plaintiff consulted Lewis W. Van Meter, who was then a trust officer of the Provident Trust Company, and an intimate friend of both the husband and wife. Mr. Van Meter testified that after reviewing the situation, he told plaintiff that if he borrowed from professional money lenders, with his contingent interest pledged as collateral, he would likely lose the interest. The witness suggested to plaintiff that the wife could withdraw $1,500 from her trust (as she was authorized to do) and pay it to the husband, whereupon the plaintiff could assign his contingent interest to the wife's trustee as part of the trust.
The plaintiff agreed and directed Mr. Van Meter to submit the proposition to the wife. The scheme was presented to the wife to which she assented. Mr. Van Meter testified that he explained to the plaintiff that the assignment was to be an absolute one, and that the plaintiff so understood. As the assigned interest was contingent, which would be extinguished if plaintiff predeceased his mother, it was agreed that the plaintiff should insure his life for $1,500, and assign the policy to the trustee. In pursuance to this arrangement, defendant withdrew $1,500 from her trust. On the same day, January 23, 1937, plaintiff executed and delivered an absolute assignment of the contingent interest in the father's estate to the trustee. The named consideration was $1,500, which was stated in the deed to have been paid by the wife. The assignment was *Page 429 
acknowledged by plaintiff before a notary public. The assignment of the life insurance policy was titled:"Absolute Assignment".
Eleven years after the consummation of the transaction, plaintiff filed the present bill. He alleged that the assignment was not intended to be an absolute transfer of his interest, as stated on its face, but was given merely as collateral for a loan. Answers were filed and issue joined.
The learned trial judge, while liberal in his rulings on admission of testimony as to whether or not the transaction constituted an absolute transfer or was for collateral security only, ruled that under Gianni v. Russell Co., Inc., 281 Pa. 320,126 A. 791; Gill's Estate, 314 Pa. 558, 171 A. 457; such testimony could not vary or contradict the terms of the written instrument and thereupon dismissed the bill. Parol evidence is admissible to establish that an assignment, absolute on its face, was intended to operate merely as security for a debt:Seip et ux. v. Laubach et al., 333 Pa. 225, 229, 4 A.2d 149;Electric City Motors, Inc., v. Ross, 92 Pa. Super. 463,465; Art Metal Const. Co. v. Lehigh Structural Steel Co.,126 F.2d 134; Williston on Contracts, Vol. 2, p. 1242, sec. 431 (Rev. Ed.); 9 Wigmore Evidence, 3rd Ed., sec. 2437; 20 Am.Jur. sec. 1146. On exceptions being filed to the adjudication, they were sustained by the court in banc but the dismissal of the bill was affirmed. The opinion stated: "The court en banc is of the opinion that the theory of the adjudication with regard to the application of the parol evidence rule in this case is incorrect. But this does not affect the result since we agree, upon a reading of the testimony, that the plaintiff has not sustained his burden of proof. The parol evidence was all admitted conditionally at the trial and appears in the notes of testimony. It is clear to the members of the court en banc that the writings express *Page 430 
the agreement of the parties that there was to be a sale of plaintiff's interest in his father's estate, and that there was no intention merely to make loan. The matter reduces to a question of credibility and we have had little difficulty in resolving it in favor of defendants."
There was no fraud alleged or proved. Gross inadequacy of consideration alone is insufficient to set aside an absolute assignment. See cases cited by Judge RHODES in Hollowell'sEstate, 120 Pa. Super. 576, 581, 182 A. 779.
If it appear unconscionable for a divorced wife of this plaintiff now to refuse to reassign the interest, the fact is that the husband assigned this contingent interest to her eleven years before, while they were still married, living together and educating their children. The absolute assignment, under the circumstances, was apparently unobjectionable. The plaintiff was and still is impecunious. Mr. Van Meter, their mutual friend, accurately forecast that plaintiff would undoubtedly lose his inheritance if he pledged it with professional money lenders as collateral. It was for this reason that the witness suggested to plaintiff that the wife give plaintiff the needed money and that plaintiff thereupon transfer his contingent interest in his father's estate to the wife as a part of her trust res. Such a scheme was not unnatural. It was the normal act of a husband and father. True, the wife, upon her death, could have passed the corpus of her trust to strangers under her power of appointment. But at the date of the transaction the parties were living together and were educating their children. That their son qualified and was admitted to the United States Naval Academy and their daughter received a good education is evidence of a successful effort. There were many expenditures, to a considerable amount, made by the wife from her trust fund which ordinarily would be regarded as payable by plaintiff as husband and father. *Page 431 
We agree that what plaintiff told Mr. Newcomb and what Mr. Newcomb had written on the records in the insurance company — that plaintiff declared the insurance policy was to be assigned as collateral for a loan — are inadmissible as self serving declarations and should not have been admitted. It was at plaintiff's request that Mr. Van Meter explained to the wife the plan as plaintiff and Mr. Van Meter had talked it over. What Mr. Van Meter said to the wife was clearly admissible, but what the wife defendant said to Mr. Van Meter, in plaintiff's absence, was not. But such errors were harmless. Disregarding all such inadmissible testimony, nevertheless, the decree is amply supported by the testimony of the wife and the other portions of Mr. Van Meter's testimony. While there was noformal "finding of fact", what the trial judge wrote in his adjudication amounted, in effect, to a finding which was approved by the court in banc. Such finding will not be disturbed in the absence of manifest error or clear mistake — and there was none. We agree with the court below that the assignment as expressed by its terms was precisely what the parties intended it should be, viz.: an absolute assignment.
Decree affirmed. Costs to be paid out of the corpus of appellee's trust estate.