Cohen, Exr., Appellant, *v.* Miners Bank of Wilkes-Barre.

Argued December 6, 1939.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Nathan Hyman,* with him *Frank L. Pinola,* for appellant.

*Edward Darling,* of *Bedford, Waller, Jones & Darling,* for appellee.

OPINION BY MR. JUSTICE LINN, January 2, 1940:

The appeal is from judgment sustaining a statutory demurrer to the statement of claim. The statement is very meager and avers that, "as one of the executors" of testator, on October 3, 1930, he delivered $10,000 to defendant pursuant to the terms of a receipt attached to his statement and on October 4, 1937, demanded the return of that sum and that defendant declined to repay it. The bank acknowledges receiving the money "to be held in trust under the following . . . conditions:

"(1) To pay the net income therefrom to Mrs. Sol Heller c/o Ben Cohen, 86 Riverside Drive, Wilkes-Barre, Pennsylvania, in quarterly installments.

"(2) This trust may be terminated and the fund withdrawn at any time upon reasonable notice by Ben Cohen, Executor."

The learned court below held the obligation of the bank was to account for the trust property, not to return the sum of $10,000 (compare *Osterling's Estate,* 324 Pa. 167, 170, 188 A. 180), and gave leave to amend; no amendment being filed, the court entered judgment. While we affirm the judgment on the ground that no cause of action is stated, the affirmance is not to be taken as approval of the conduct of the executor, apparently one of two or more executors (paragraph 3

statement of claim), or of the suit without the joinder of all the executors, or the delegation of the power to invest testator's property. These and similar questions are left until, if ever, it becomes necessary to deal with them on a more complete record.

Judgment affirmed.

Mr. Justice SCHAFFER took no part in the decision of this case.