## Sentner's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Ladner, JJ.

*Harvey Geiger* and *J. Webster Jones*, for petitioner.

*Harry Howard Bent* and *William Henry Snyder*, contra.

STEARNE, J., May 23, 1941.—This is a petition to review the adjudication of a trustee's account, after four years, where petitioner, the distributee, had full written notice, and has received partial distribution. A responsive answer was filed to the petition. Petitioner maintains that there is a mistake of law apparent in the adjudication. She maintains that, according to the terms of the trust, she was entitled to receive the corpus *in cash*, and was not required to accept the award as made in the adjudication.

The trust is erected by the fourth paragraph of the will which reads as follows:

"Fourth: I give and bequeath unto the Northern Trust Company of the City of Philadelphia the sum of Five Thousand Dollars ($5,000) In Trust to invest, reinvest and keep the same invested and the net income derived from the same I direct be paid over unto my wife, Hattie A. Sentner, for and during the term of her natural life, and upon her decease I give and bequeath the said sum of Five Thousand Dollars unto my nephew, John Sentner, according to a promise that I made to him when he bought from me my business house and store. I also direct that the collateral inheritance tax which may be assessed against the said legacy shall be paid out of my residuary estate in order that the said John Sentner may receive the said sum of Five Thousand Dollars ($5,000) without deduction of any tax whatever.

"In the event of the decease of the said John Sentner before the death of my wife, then upon the decease of my

said wife I give and bequeath the said sum of Five Thousand Dollars ($5,000) unto Emma Sentner, wife of John Sentner, under the same terms and provisions as hereinbefore set forth.

"In the event of the death of both John Sentner and his wife, Emma Sentner, before the decease of my wife, then upon the death of the survivor of the said John Sentner and Emma Sentner I give and bequeath the principal of the said Trust Fund unto my wife, Hattie A. Sentner, absolutely."

Judge Lamorelle, upon adjudication of the account of the executrix on January 8, 1918, awarded $5,000 to the trustee under the terms of the trust.

The life tenant died August 24, 1936, thus terminating the trust. John Sentner predeceased petitioner. An account was filed by the trustee on October 28, 1936, which was audited on December 7, 1936, by Judge Van Dusen, who filed his adjudication on December 10, 1936.

An examination of the account reveals that the trustee invested the cash and paid the income to the life tenant until her death. The composition of the balance of principal shown in the account discloses a bond and mortgage of $4,000, an undivided interest in real estate taken in foreclosure of $1,090.47, and an overdraft of cash due the trustee of $227.22.

The petition for distribution (as well as the present uncontradicted answer) states that written notice of the audit was given petitioner. Petitioner has received, by assignment, the $4,000 mortgage in partial satisfaction of the award.

Despite the foregoing facts, petitioner contends that Judge Van Dusen erred in not awarding the $5,000 *in cash,* instead of the balance shown in the account *"composed as indicated."*

Under the terms of this trust the trustee was directed *"to invest, reinvest and keep [the fund] invested"*. There is no averment that the trustee neglected to· exercise com-

mon skill and prudence, or that any depreciation in the corpus was due to the improper management of the trust. It is quite true that, upon the death of the life tenant, there was a bequest of "the said sum of $5000". But this language cannot be read alone. It must be considered in connection with all of the trust provisions. Clearly what is meant is a gift of said fund, invested as directed by the will. There is not the slightest indication of testamentary intent that the remainderman was to receive cash and nothing else; or that the trustee was to become an insurer of the fund. The statement that testator promised the beneficiary a legacy in payment of a debt is no indication that a *cash* bequest was contemplated. The latest case upon this subject, and which appears exactly in point, is Lacy's Appeal, 342 Pa. 223, filed April 14, 1941. In addition to this, where petitioner has received written notice of an audit, takes no action with respect thereto for over four years, accepts partial distribution under the award, and there is no allegation of fraud, accident or mistake, or error of law apparent on the face of the adjudication, a review must be denied, whether demanded as of right or of grace. Citation of authorities would seem unnecessary.

The prayer for review is denied and the petition is dismissed.